Smith vs. Joiner.

R. W. SMITH, plaintiff in error, vs. JOHN JOINER, defendant in error.

[1.] The provision in the Constitution of 1798, conferring power on the Superior Courts to correct errors in inferior judicatories, by writ of *certiorari*, does not require an Act of the Legislature to enforce it. It is explicit enough for that purpose.

[2.] If it be alleged that material alterations have been made in the exceptions to the decision of an Inferior Court, and proof be offered to support such allegations, it is error in the Court to refuse to hear it.

[3.] A bond for an attachment need not be taken by, or offered for approval by the magistrate who issues the attachment. It is sufficient if taken by any other magistrate. Such bonds, if objectionable, may be amended.

Certiorari, from Taylor county.   Decision by Judge Worrill, at October Term, 1858.

John Joiner sued out an attachment against Russell W. Smith, returnable to the Inferior Court of Taylor county, on a promissory note.

The Inferior Court, on the trial, upon motion of defendant's counsel, dismissed the attachment on the ground that the attachment bond given by the plaintiff, was not attested by the Justice who issued the attachment. Plaintiff applied for a *certiorari,* which issued, to correct said judgment.

The case being called in the Superior Court, defendant's counsel moved to dismiss the *certiorari,* upon the following grounds:

1st.  Because *certiorari* would not lie in the case.

2d.  Because the exceptions taken to the decision of the Inferior Court, had been interlined and materially changed since they were signed—which interlineations and alterations defendant offered to prove.

The Court overruled the objections and refused the motion to dismiss, and defendant excepted.

Defendant then moved that the case be sent back to the Inferior Court, to correct said interlineations. . The Court refused this motion, and defendant excepted.

After argument, the Court reversed the decision of the Inferior Court, because the said Court erred in dismissing the attachment, on the ground that the bond given by plaintiff in attachment was void—the Court holding that it is not necessary or essential to the validity of such bond, that it should be attested by the officer issuing the attachment.   To which decision counsel for defendant excepted.

James T. May, for plaintiff in error.

Blandford & Crawford, *contra.*

Smith vs. Joiner.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] It is objected that a *certiorari* will not lie in this case. The Inferior Court is a judicatory inferior to the Superior Court. The Constitution of 1798 confers express power on the Superior Courts to correct errors in inferior judicatories, by writ of *certiorari*. The doctrines of the common law, in regard to writs of *certiorari*, have nothing to do with, or control over, proceedings on the writ, under the Constitution. The Constitution is so explicit, though very short, as not to require the aid of legislation to give it effect. The writ of *certiorari* is a process which carries the whole cause, and the proceedings under it, to the higher Court; and that Court can have no higher commission than the Constitution, to examine the record and correct the errors therein, if any.

This Court has decided that there are cases which are not embraced in the section of the Judiciary Act of 1799, which relates to *certioraris*. That Act was, no doubt, designed to carry into effect the provision of the Constitution in regard to the correction of errors in inferior judicatories, but it cannot abridge the constitutional rights of litigant parties. I have no doubt that the framers of the Judiciary Act intended that a party, to entitle himself to a writ of *certiorari*, should make his exceptions to the proceedings in writing, while the case is in progress, and sign them, or have his counsel to sign them. If the Court overrule them, he would then be entitled to a writ of *certiorari*, provided the Judge of the Superior Court should deem them sufficient; and such I believe to be the construction of the Act. But it is not necessary to consider that subject further.

[2.] When the cause was taken up in the Superior Court, it appeared that the exceptions taken to the decision of the Inferior Court had been interlined and materially changed since they were signed and certified by the Justices, and plaintiff in error offered to make proof thereof. The Court refused to admit the proof. This was a grave charge, and if

true, avoided the proceedings, and the Court ought to have heard the evidence. The alterations, if material, may have changed the rights of the parties. This Court cannot lay down a rule, or sustain one, if laid down in the Court below, which would preclude it from enquiring into the state of its records, and protecting them from corruption by interested parties. The judgment of the Court below must be reversed, on the ground that said Court refused to hear the evidence, with instructions to hear the proof, and after hearing it, to reconsider the case.

[3.] The Court below, after considering the writ of *certiorari* and the return made thereto, reversed the decision of the Inferior Court dismissing the attachment, and exception was made thereto. It is not necessary that the bond for an attachment should be given in the presence of, or be approved by, the magistrate who issues the attachment. *Sec. 5 of Attachment Act of* 1856, *pamph.* 26. If defective, it may be amended. *Sec. 53, same Act.*

Judgment reversed.