18858.   BIRDSEY *et al. v.* WESLEYAN COLLEGE.

ARGUED FEBRUARY 14, 1955—DECIDED APRIL 12, 1955—REHEARING DENIED MAY 11, 1955.

*Miller, Miller & Miller, Walter T. Johnson,* for plaintiffs in error.

*McKibben Lane, Turpin, Lane & Mattox, Lewis & Sell, Ed. S. Sell, Jr., Jones, Sparks, Benton & Cork,* contra.

HEAD, Justice. The plaintiffs contend that the Macon-Bibb County Planning and Zoning Commission was without authority to rezone the property of the defendant. The validity or invalidity of the rezoning of the defendant's property must be determined, first, on the validity of the constitutional amendment of 1948, and, second, on the extent of the powers granted therein, provided the amendment is not invalid.

In 1947 the General Assembly proposed a constitutional amendment to art. XI, sec. I, par. VI (Code, Ann., § 2-7806), which provides: "Whatever tribunal, or officers, may be created

by the General Assembly for the transaction of county matters, shall be uniform throughout the State, and of the same name, jurisdiction, and remedies, except that the General Assembly may provide for Commissioners of Roads and Revenues in any county," etc., by adding a new paragraph to such section to read as follows: "And except that the City of Macon and Bibb County may, through their respective governing authorities, separately or jointly, promulgate zoning and planning laws, rules and regulations, and administer the same, and/or appoint agencies or agency for adopting zoning and planning laws, rules, and regulations, and for administering the same, the governing authorities or their designated agencies being authorized to condition the application of any zoning and planning and the administration of the same according to any presently existing zoning or planning law, any that may hereafter be enacted or according to any that may be resolved or ordained by either or both or by their designated agency or agencies." (Ga. L. 1947, pp. 1240, 1241). This amendment was ratified in the general election of November, 1948.

The amendment must be construed in connection with previous amendments to the Constitution granting to Macon and Bibb County authority to pass zoning ordinances and regulations. This is true for the reason that effect is to be given, if possible, to each section, clause, and word of a written Constitution, and in interpreting a provision of the Constitution, the courts will consider the object sought to be accomplished, and will deal with the provision under consideration in the light of the conditions and circumstances under which it was framed. *Wellborn* v. *Estes,* 70 *Ga.* 390; *Park* v. *Candler,* 114 *Ga.* 466 (40 S. E. 523); *McCollum* v. *Bass,* 201 *Ga.* 537 (40 S. E. 2d 650).

When an amendment to the Constitution has been proposed by the General Assembly and ratified by the voters, the amendment will not be declared void on the ground that it does not accord with some other provision of the same Constitution. If an amendment, duly adopted, is in conflict with some previous provision, the amendment, being the last expression of the sovereign will of the people, will prevail as an implied modification pro tanto of the former provision. *Hammond* v. *Clark,* 136 *Ga.* 313, 314 (10) (71 S. E. 479, 38 L. R. A. (NS) 77); *McWilliams*

v. *Smith,* 142 *Ga.* 209 (82 S. E. 569); *Stewart* v. *County of Bacon,* 148 *Ga.* 105, 108 (95 S. E. 983); *DeJarnette* v. *Hospital Authority of Albany,* 195 *Ga.* 189, 204 (23 S. E. 2d 716).

The Constitution of 1877 did not provide for zoning, and it was held that municipal ordinances purporting to zone or restrict the use of property, ·prior to 1928, were unconstitutional and void. *Smith* v. *City of Atlanta,* 161 *Ga.* 769 (132 S. E. 66, 54 A. L. R. 1001); *Morrow* v. *City of Atlanta,* 162 *Ga.* 228 (133 S. E. 345); *City of Atlanta* v. *Smith,* 165 *Ga.* 146 (140 S. E. 369).

In 1927 the General Assembly proposed a constitutional amendment (Ga. L. 1927, p. 127), duly ratified in November, 1928, which provided: "The General Assembly of the State shall have authority to grant to the governing authorities of the cities of Atlanta, Savannah, Macon, [and other named cities] . . . authority to pass zoning and planning laws whereby such cities may be zoned or districted for various uses and other or different uses prohibited therein, and regulating the use for which said zones or districts may be set apart, and regulating the plans for development and improvement of real estate therein." Constitution of 1877, art. III, sec. VII, par. XXV (Code of 1933, § 2-1825).

In 1937 the General Assembly proposed a constitutional amendment (Ga. L. 1937, p. 1135), which was ratified in June, 1937, wherein authority to zone and enact planning laws as set forth in the amendment adopted in 1928 might be extended by the General Assembly to any city or county having a population of 1,000 or more.

Under the Constitution of 1945, art. III, sec. VII, par. XXIII (Code, Ann., § 2-1923), the General Assembly has the power to grant to municipalities and counties authority to pass zoning and planning laws, "whereby such cities or counties may be zoned," in practically the identical language of the amendments of 1928 and 1937 to the Constitution of 1877.

The constitutional amendment of 1948, granting zoning powers to the City of Macon and Bibb County, is much broader in its scope than the act of 1939 (Ga. L. 1939, p. 1140), amending the charter of the City of Macon. This act simply authorized the City of Macon to zone, in the language of the constitutional amendment. Under the charter amendment of 1939, the City of

Macon could enact valid ordinances for rezoning property. *Schofield* v. *Bishop*, 192 *Ga.* 732 (16 S. E. 2d 714); *Snow* v. *Johnston*, 197 *Ga.* 146 (28 S. E. 2d 270). The 1948 amendment to the Constitution, applicable to Macon and Bibb County, conveys all authority over zoning to such agency as Macon and Bibb County might create for the regulation of all zoning within the city and county. The direct constitutional authority granted by the amendment, and the joint ordinance and resolution adopted pursuant thereto, fully authorized the action by the Macon-Bibb County Planning and Zoning Commission wherein the property of the defendant was rezoned, after notice and opportunity to the objectors to be heard. *Kirkpatrick* v. *Candler*, 205 *Ga.* 449, 453 (53 S. E. 2d 889).

The plaintiffs contend that, under the ruling of this court in *City of Atlanta* v. *Wilson*, 209 *Ga.* 527 (74 S. E. 2d 455), the constitutional amendment conferring direct constitutional authority upon the City of Macon and Bibb County to enact zoning laws and rules is not restricted or limited in territory and is so broad that the City of Macon and Bibb County might undertake to zone property in other municipalities and counties of this State.

Applying the rule of construction which must be applied under the rulings of this court, the amendment of 1948 must be construed in connection with the provisions of the Constitution of 1945 with reference to zoning. The amendment of 1937 and the Constitution of 1945 clearly authorize Bibb County to zone within the county. The limitation in the amendment of 1928, "whereby such cities may be zoned," and the language in the amendment of 1937 and the Constitution of 1945, "whereby such cities or counties may be zoned," clearly limit the zoning authority of any city or county, separately or jointly, to the territory of the city or county involved. These provisions of the Constitution are not contrary to the amendment of 1948, conferring upon the City of Macon and Bibb County the authority, separately or jointly, to promulgate zoning rules and regulations, and under the Constitution as amended, the zoning power of Macon and Bibb County is limited to the territory within their respective jurisdictions as fixed by the Constitution and laws pursuant thereto.

The plaintiffs attack the method of the submission of the amendment, it being contended that neither the voters of Macon, Bibb County, nor the State of Georgia, could vote against the creation of a commission to be set up by the governing authorities of the City of Macon and Bibb County. Generally constitutional amendments are not required to be printed upon the ballot in toto, and under the rulings of this court in *Hammond* v. *Clark,* supra, *Clements* v. *Powell,* 155 *Ga.* 278 (116 S. E. 624), and *Cartledge* v. *City Council of Augusta,* 189 *Ga.* 267 (5 S. E. 2d 661), this contention of the plaintiffs was properly overruled.

It is insisted that the City of Macon and the County of Bibb are without authority to act, or to create a zoning commission, under the constitutional amendment of 1948, since there has been no enabling act by the General Assembly. In the amendments of 1928 and 1937 to the Constitution of 1877, and in the Constitution of 1945, it is said that "The General Assembly of the State shall have authority, etc." It is fundamental that, where constitutional power is granted to the General Assembly, the General Assembly must act and delegate its powers under the constitutional amendment. Constitutional amendments may be self-executing. *Smith* v. *Joiner,* 27 *Ga.* 65; *Arnett* v. *Board of Commissioners of Decatur County,* 75 *Ga.* 782; *Southeastern Pipe-Line Co.* v. *Garrett,* 192 *Ga.* 817 (16 S. E. 2d 753) ; 11 Am. Jur. 689, § 72; 16 C. J. S. 104, § 51. In the present case the authority granted was to Macon and Bibb County, and the General Assembly was not granted any powers under the amendment which it could delegate.

It is not for the courts to pass upon the question as to whether a constitutional amendment may be wise or unwise. Primarily governmental functions are founded upon the will of the people. Whether it is wiser to. have a commission discharging governmental powers under direct constitutional grant, or whether it would be wiser to have the constitutional power delegated to the General Assembly, and by the Assembly duly set forth in a charter amendment, is not before the court for decision. The final choice of the body to discharge the duties pursuant to zoning ordinances and regulations rests with the chosen representatives of the municipality or county; and whether this choice is

made under direct constitutional authority alone, or constitutional authority augmented by legislation, is a question that has been determined by the people. The people having spoken in the manner directed by the Constitution and laws of this State, this court is not authorized to substitute its judgment for the expressed will of the people.

The constitutional amendments of 1928 and 1937 herein referred to, and the provision of the Constitution of 1945 relating to zoning, had the effect of superseding decisions of this court which declared zoning statutes unconstitutional and void because they denied due process of law to the owners of real estate embraced in zoning districts. *Howden* v. *Mayor &c. of Savannah,* 172 *Ga.* 833, 843 (159 S. E. 401). The power to zone contained in the Constitution of 1945, and the authority granted to the City of Macon and Bibb County by the amendment of 1948, fully authorize the rezoning of property, and such rezoning does not violate the due-process clause of the Constitution. *Howden* v. *Mayor &c. of Savannah,* supra; *Schofield* v. *Bishop,* supra; *Morgan* v. *Thomas,* 207 *Ga.* 660 (63 S. E. 2d 659) ; Village of Euclid *v.* Ambler Realty Co., 272 U. S. 365 (47 Sup. Ct. 114, 71 L. ed. 303, 54 A. L. R. 1016).

The rezoning of the defendant's property cannot properly be classed as "spot zoning." The property is entirely segregated from that of the plaintiffs by three public streets and other property of the defendant. "Spot zoning" generally relates to action in "lifting out" of a zoned area one unit, or one particular piece of property. While the area rezoned is not extensive (containing approximately 100,000 square feet), it is nonetheless segregated in the manner set forth. The rule that the reasonableness or unreasonableness of a "spot zoning" ordinance is always a question for the court's determination, has no application in the present case. *Orr* v. *Hapeville Realty Investments,* 211 *Ga.* 235 (85 S. E. 2d 20).

The joint ordinance of the City of Macon and resolution of the Board of Commissioners of Bibb County, establishing the Macon-Bibb County Planning and Zoning Commission, expressly delegates to the commission all power and authority of the City of Macon and the County of Bibb essential to the zoning or rezoning of property. It is stipulated that the plaintiffs had notice

of public hearings on the application of the defendant to rezone a part of its property, that the plaintiffs, or some of them, filed written objections, and that they, or some of them, employed counsel. The whole proceeding by the zoning commission was adequate and complete as to notice and hearings, and the act of the commission in rezoning the property of the defendant does not fall because the commission may not have adopted a full, complete, and comprehensive zoning plan prior to the rezoning of the defendant's property. All zoning by the City of Macon prior to the creation of the commission was the result of ordinances enacted by the city authorities, and it will not be presumed that the zoning laws and regulations promulgated prior to the creation of the commission were without regard to the needs of the city, its development, growth, and welfare. Whatever plan was in force and effect at the time the commission was created would continue until changed or modified under the powers granted to the commission.

Generally, the owner of land in fee has the right to use his property for any lawful purpose, and any claim that there are restrictions upon such use must be clearly established. *Kitchens v. Noland,* 172 *Ga.* 684 (158 S. E. 562); *England v. Atkinson,* 196 *Ga.* 181 (26 S. E. 2d 431); *Spencer v. Poole,* 207 *Ga.* 155 (60 S. E. 2d 371); *McKee v. Hubert,* 211 *Ga.* 329 (85 S. E. 2d 757). The action of the Macon-Bibb County Zoning and Planning Commission in rezoning the property of the defendant had the effect of removing any zoning restrictions that may have existed prior thereto, and granted to the defendant the right to use its property in the manner set forth in its application for rezoning.

Under the foregoing rulings, the trial court properly overruled the plaintiffs' demurrers and denied the relief sought. Other contentions of the plaintiffs not specifically referred to herein have been carefully considered, and none of them shows error in the judgment of the trial court.

*Judgment affirmed. All the Justices concur. Duckworth, C. J., concurs in the judgment only.*