20076. LAWSON *v.* CITY OF MACON *et al.*

ARGUED MAY 13, 1958—DECIDED JULY 11, 1958.

*Andrew W. McKenna,* for plaintiff in error.

*E. S. Sell, Jr., Sell & Comer, C. Cloud Morgan,* contra.

HEAD, Justice. 1. In *Birdsey* v. *Wesleyan College,* 211 *Ga.* 583 (87 S. E. 2d 378), it was held that the constitutional amendment of 1947 (Ga. L. 1947, pp. 1240, 1241), which was duly ratified in the general election in November, 1948, and the joint ordinance and resolution adopted pursuant thereto, creating the

Macon-Bibb County Planning and Zoning Commission, fully authorized the rezoning of property, after notice and an opportunity to be heard. In the present case the validity of the constitutional amendment above referred to, and the creation of the Macon-Bibb County Planning and Zoning Commission, are not attacked. In the brief of counsel for the defendant (now the plaintiff in error) it is said that the "one controlling issue" raised by the demurrers is whether the joint resolution and ordinance creating the Macon-Bibb County Planning and Zoning Commission grants to the Commission the power to adopt temporary zoning regulations to be effective for a period of longer than thirty days.

A copy of this joint resolution and ordinance is attached to the petition as "Exhibit A." In section 3 it is provided: "Said rules shall provide for notice of any proposed action by the Commission to zone or rezone an area, and such action shall be taken only after public hearing." In the same section it is also provided: "Pending adoption of a comprehensive plan of zoning, temporary zoning regulations may be adopted without notice provided such regulations shall not be effective for a longer period than thirty days." In section 5 it is stated in part: "Pending the adoption of a comprehensive zoning plan, the Commission is empowered to adopt temporary zoning regulations."

Construing the provisions of the joint resolution and ordinance creating the Macon-Bibb County Planning and Zoning Commission in their entirety, as they must be, to determine their scope and purpose, there is no basis for the contention that any temporary zoning restriction passed would be valid only for a period of thirty days. It is clear that any action zoning or rezoning property could be taken by the commission only after notice and an opportunity to be heard. The provision upon which the defendant relies has application only where due notice is not given.

The demurrers, which were based on the theory that any action by the commission pending the adoption of a comprehensive zoning plan would be effective only for thirty days, were therefore properly overruled.

2. In the regulations adopted pursuant to the joint ordinance

and resolution creating the Macon-Bibb County Planning and Zoning Commission, it is provided in section 3: "No person, firm or corporation shall hereafter use or begin to use any land, building or other structure for any purpose substantially different than that for which it is now being used without the prior written approval of this body and unless said proposed change of use shall be found to be in the public interest and in conformity with said comprehensive plan."

In the agreed stipulation of fact, constituting the brief of evidence in the present case, it is stipulated that the resolution, of which section 3 above is a part, was adopted after legal advertisement which was published in the Macon Evening News on January 15, 1953. It is further stipulated that on or about August 19, 1954, the defendant purchased vacant property and moved thereon a four-family dwelling, without obtaining any permit from the Commission. There is no contention that the use of the property subsequent to the adoption of the comprehensive zoning resolution (on May 27, 1955) is authorized by such comprehensive zoning plan; but, on the contrary, the stipulation of fact shows that it is not authorized thereunder.

The agreed stipulation of facts amply supports the judgment limiting the use of the property of the defendant to a two-family dwelling.

*Judgment affirmed. All the Justices concur.*