28165. POTEAT et al. v. BUTLER et al.

UNDERCOFLER, Justice. The only question involved in this case is whether a secondary security deed given as purchase money for certain real estate purchased by the appellants is usurious under the provisions of Code Ann. § 57-202 (d). This Code section provides: "(d) Interest may be charged on the principal amount of the loan as hereinbefore defined at any rate not greater than the greater of: (i) six percent per annum computed in accordance with the provisions of section 57-116, as amended, relating to interest on loans to be repaid in monthly, quarterly or yearly installments, as amended; or (ii) eight percent per annum if said rate is computed upon the unpaid principal balance outstanding at the time each payment is made, with such payment being applied first to the payment of interest and the balance to principal reduction." Ga. L. 1966, pp. 574, 576; 1967, pp. 637, 638. Code Ann. § 57-203 provides: "(a) If any loan secured by a security

deed on real estate is made in violation of the provisions of this Chapter, except as a result of a bona fide error, the lender shall forfeit the entire principal amount of the loan plus interest and other charges. In addition thereto, the lender shall also refund any payments on the loan which have been made by the borrower. (b) Any agreement whereby the borrower waives the benefits of this Chapter or releases any rights he may have acquired by virtue thereof shall be deemed to be against public policy and void." Ga. L. 1966, pp. 574, 577.

The trial court dismissed the appellants' complaint which in effect held that the secondary security deed and note given as purchase money for certain real estate and providing for the payment of $4100 at 8 1/2 percent per annum interest was not controlled by the provisions of Code Ann. §§ 57-202 (d) and 57-203. The appeal is from this judgment. *Held:*

1. The cardinal rule in the construction of legislative enactments is to ascertain the true intention of the General Assembly in the passage of the law. *Gazan v. Heery,* 183 Ga. 30 (187 SE 371, 106 ALR 498). All statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and decisions of the courts. *Botts v. Southeastern Pipeline Co.,* 190 Ga. 689 (10 SE2d 375); *Nelson v. Roberts,* 217 Ga. 613 (124 SE2d 85); and *Buice v. Dixon,* 223 Ga. 645 (157 SE2d 481); *Plantation Pipe Line Co. v. City of Bremen,* 227 Ga. 1 (178 SE2d 868).

In *Garner v. Sisson Properties, Inc.,* 198 Ga. 203 (31 SE2d 400) this court decided a very similar situation. For construction by the court in that case was Code § 57-116 which provided: "Any person, natural or artificial, in this State, lending money to be paid back in monthly, quarterly, or yearly instalments, may charge interest thereon at six percent per annum or less for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into monthly, quarterly, or yearly instalments. . ." In that case this court held that this section was in derogation of Code § 57-101 and should be strictly construed. It was also held (p. 206) that there was a difference between "lending money" as provided in

Code § 57-116, and money due on purchase-money notes and "[i]n the case of a loan, the lender might not be willing to part with his money except for the full period of time for which the notes were to run, whereas in the case of purchase-money notes, the grantor does not part with any money. In the instant case the grantor executed a warranty deed, but he simultaneously took back a security deed thereby retaining title to the property. While the transaction resulted in a debt, it was in no sense 'lending money,' as authorized by the statute. Under a strict construction of the Code § 57-116, the language which authorizes aggregating the principal and interest in the case of loans will not be enlarged or extended so as to include money due on purchase-money notes." This ruling was followed in *Graham v. Lynch,* 206 Ga. 301 (1) (57 SE2d 86).

The language of Code Ann. § 57-202 (d) provides for the interest which may be charged on "loans" and under the reasoning of the decisions in the *Garner* and *Graham* cases, we hold that the General Assembly did not intend that secondary security deeds given as purchase money for real estate would be included within the definition of "loans" provided for in that section.

2. Georgia Laws 1970, p. 174, provides that, "(a) Notwithstanding any other provisions of this Code, Title, or any other Acts to the contrary, the maximum rate of interest of eight percent per annum shall not be applicable and the legal maximum rate shall be nine percent per annum in transactions where the security given for any loan, charge, reserve, advance of money, or forbearance to enforce collection of money, is or includes real property or an interest therein. . ." Code Ann. § 57-101.1.

Since the secondary security deed dated October 6, 1971, given as purchase money for the real estate involved was at 8 1/2 percent per annum interest, it was not usurious.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1973 — DECIDED OCTOBER 4, 1973.

*Robert N. Dokson,* for appellants.
*Samuel Obenschain, Jack Speilberg,* for appellees.