42075. TOOMBS COUNTY, GEORGIA v. O'NEAL.
(330 SE2d 95)

GREGORY, Justice.
On August 19, 1983, appellee fell in the lobby of the Toombs County Jail. She injured her leg in the fall and initially incurred approximately $9,000 in medical expenses. Thereafter, appellee brought this negligence action against appellant Toombs County, seeking recovery of medical expenses and damages for pain and suffering. The parties have stipulated that Toombs County carries a liability policy of insurance which affords coverage under these circumstances, and which was in effect at the time of appellee's fall. The county filed a motion to dismiss the action, OCGA § 9-11-12 (b) (6), on the basis of sovereign immunity. The trial court denied the motion to dismiss, concluding that under Article I, Section II, Paragraph IX of the Constitution of the State of Georgia, 1983, the county had waived sovereign immunity to the extent it had liability insurance covering appellee's claim. We granted the county's application to appeal and now affirm.

1. The county argues the trial court incorrectly concluded that Article I, Section II, Paragraph IX of the 1983 Constitution (hereafter referred to as the Article I provision) waives sovereign immunity of a county in these circumstances.

The predecessor to the Article I provision was Article VI, Section V, Paragraph I of the Constitution of the State of Georgia, 1976 (former Code Ann. § 2-3401). It authorized the General Assembly to establish a State Court of Claims with jurisdiction to try cases involving personal injury or property damage "against the State of Georgia, its agencies or its political subdivisions." Further, this provision unequivocally reserved sovereign immunity *to the state* by providing, "Nothing contained herein shall constitute a waiver of the immunity *of the*

*State* from suit, but such sovereign immunity is expressly reserved except to the extent of any waiver of immunity provided in this Constitution, and such waiver or qualification of immunity as is now or may hereafter be provided by act of the General Assembly." (Emphasis supplied.) This court held in *Nelson v. Spalding County*, 249 Ga. 334, 335 (290 SE2d 915) (1982), that while "the reservation of immunity clause refers only to 'the State,'" the reservation of immunity includes both state agencies and counties.

During the 1982 session the General Assembly proposed what is now the Article I provision in question as an amendment to-the 1976 Constitution. Ga. Laws 1982, p. 2546, § 1. The Article I provision was submitted to the voters at the 1982 General Election and ratified on November 2, 1982. It became effective, as an amendment to the 1976 Constitution, on January 1, 1983, and was adopted, without change, as part of the 1983 Constitution.

The Article I provision initially reserves sovereign immunity "to the State and all of its departments and agencies." We conclude, as we did in *Nelson*, supra, that this constitutional reservation of sovereign immunity to "the State" is a constitutional reservation of sovereign immunity to the counties of the State of Georgia. It cannot escape notice that the people ratified the Article I provision with full knowledge of the construction this court had placed on the reservation of sovereign immunity to "the State."[1] We have found nothing to indicate that the electorate did not intend to extend sovereign immunity to counties or to waive sovereign immunity as to counties in the instances enumerated in the Article I provision. We hold, therefore, that under Article I, Section II, Paragraph IX of the Constitution of the State of Georgia, 1983, sovereign immunity is extended to the counties of the State of Georgia. Under that same provision, as applies to the facts of this case, the defense of sovereign immunity for Toombs County is waived "as to those actions for the recovery of damages for any claim against [the county] . . . for which liability insurance protection for such claim has been provided but only to the extent of any liability insurance provided." Therefore, the trial court correctly denied Toombs County's motion to dismiss.

2. Article IX, Section II, Paragraph IX of the Constitution of the State of Georgia, 1983, (hereafter referred to as the Article IX provision) provides, "The General Assembly may waive the immunity of counties, municipalities and school districts by law." Appellant argues

---

[1] The Article I provision, as proposed to the voters in the 1982 General Election stated:
"( ) YES  Shall the Constitution be amended so as to clarify the status of sovereign
( ) NO   immunity and to waive the defense of sovereign immunity in contract actions and in other actions to the extent of liability insurance and as otherwise may be provided by law."

that it is inconsistent to construe the Article I provision as we have in view of the Article IX provision. Appellant maintains that since Article I provides that "the sovereign immunity of the State or any of its departments and agencies may hereafter be waived further by Act of the General Assembly . . .," it cannot be concluded that both provisions are intended to apply to counties.

We do not agree that Article I is inconsistent with Article IX. The Article IX provision came into being with the adoption of the 1983 Constitution, and became effective on July 1, 1983. As stated above, the Article I provision was proposed as an amendment to the 1976 Constitution, and was ratified by the voters in light of the construction this court had placed on its predecessor in *Nelson v. Spalding County*, supra. The Article I provision became effective January 1, 1983. Had the Article IX provision not been added to the 1983 Constitution, there would be no question but that the Article I provision was intended to reserve sovereign immunity to the counties through the reservation of sovereign immunity to "the State," as had its predecessor. We hold the addition of the Article IX provision to the 1983 Constitution does not alter the construction to be given to the Article I provision. Admittedly since the authority to waive the sovereign immunity of the State, and concomitantly that of the counties of the State, is given to the General Assembly by the Article I provision, it was not necessary for the people to give an identical authority of waiver to the General Assembly in the Article IX provision. However, we are of the opinion that this duplicative grant of authority does not render the two provisions inconsistent. Nor do we think it indicates that the people intended that Article I would not reserve sovereign immunity to the counties.

We observe that Article I of the 1983 Constitution is the Bill of Rights, while Article IX provides for counties and municipal corporations. In adopting the Bill of Rights, the people have limited the power of all government. It is not reasonable to conclude the people would deny their state government sovereign immunity in the face of liability insurance, but delegate to the legislature the authority to determine if there is sovereign immunity in the face of liability insurance for county governments.

*Judgment affirmed. All the Justices concur, except Hill, C. J., who concurs in the judgment only. Weltner, J., concurs specially. Marshall, P. J., and Bell, J., dissent.*

WELTNER, Justice, concurring specially.

I concur specially, because I cannot agree that the language in Article I of our Constitution, "the state and all of its departments and agencies" should be interpreted to include counties. Certainly, a county is one of the "political subdivisions," as contemplated in for-

mer Article VI, Section V, Paragraph I of the Constitution of the State of Georgia, 1976, but it is *not* a department or agency of the state.

Nonetheless, for the reasons set out in my dissent in *Robinson v. City of Decatur*, 253 Ga. 779, 781 (325 SE2d 752) (1985), I agree that the judgment should be affirmed. When a public body has purchased liability insurance, there is no necessity for the protection which sovereign immunity provides *to the public*. Conversely, the insurer, as a private, for-profit entity, should not 'be accorded the protection of sovereign immunity, which exists for the benefit of the *public*. Thus, as in this case, when the public utility of sovereign immunity has evaporated, that doctrine should not serve to shield what is purely a private interest.

MARSHALL, Presiding Justice, dissenting.

The majority twists and strains the 1983 Constitution to reach its result.

I submit the General Assembly is perfectly capable of settling this issue when it is ready to do so. So far, it has not seen fit to take the necessary action. This court should not take the steps for the General Assembly.

I respectfully dissent.

DECIDED MAY 29, 1985.

*Doremus & Jones, Julian B. Smith, Jr.,* for appellant.
*Hugh B. McNatt, Jiles M. Barfield,* for appellee.