## 45155. WARD v. BULLOCH COUNTY et al.
(365 SE2d 440)

CLARKE, Presiding Justice.

At issue on appeal is the interpretation of Article I, Section II, Paragraph IX of the Constitution of the State of Georgia which

waives sovereign immunity ". . . as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance for such claims has been provided *but only to the extent of any liability insurance provided.*" (Emphasis supplied.)

Plaintiff Wayne Ward suffered an injury during his incarceration in Bulloch County Correctional Institute. Ward sued the county and the correctional institute alleging his injury resulted from the negligence of a correctional institute employee. Bulloch County had purchased a general liability insurance policy covering negligent acts of its employees. However, a declaratory judgment action filed by the insurer determined the insurer had no obligation to defend this action, or pay the claim, because the county had not complied with the notice terms of the policy. The county waited seventeen months to present Ward's claim to the insurer. No evidence of bad faith was offered. In granting defendants' motion for summary judgment the trial court held that sovereign immunity had been reinstated, since the insurer had no obligation to defend against or pay Ward's claim. Ward appeals the grant of summary judgment.

The county is not required to purchase liability insurance and is entitled to sovereign immunity in the absence of insurance; however, the mere purchase of liability insurance does not automatically waive sovereign immunity. Rather, sovereign immunity is waived only when the insurer of a state entity satisfies a claim under the coverage provided. If payment is not required under the contract, and bad faith has not been shown, there is no waiver of immunity. *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 303 (357 SE2d 569) (1987).

*Judgment affirmed. All the Justices concur, except Smith and Weltner, JJ., who dissent.*

SMITH, Justice, dissenting.

I disagree with the majority's opinion that, "the mere purchase of liability insurance does not automatically waive sovereign immunity." " 'When a public body has purchased liability insurance, there is no necessity for the protection which sovereign immunity provides *to the public.*' [*Toombs County, Ga. v. O'Neal*, 254 Ga. 390, 393 (330 SE2d 95) (1985)]." *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 301 (357 SE2d 569) (1987).

In this case there is no contention that insurance coverage was not in effect at the time this claim arose. However, by waiting seventeen months to present the appellant's claim, the county failed to properly notify the insurance company, and the policy was not properly invoked. The majority holds that in this situation there is no waiver of immunity. The problem with this argument is twofold. First, the appellant has no contractual relationship with the insurance

company. Thus, if the appellant had given notice to the company, then this notification would have been ineffectual because of the lack of a contractual relationship. Second, the appellant is at the total mercy of the county and insurance company. Thus, the county could avoid any claim covered by the provided insurance by arbitrarily not notifying the insurance company.

In light of these general considerations, I would reverse this case on the following grounds:

1. When the county purchased liability insurance and the contract of insurance was issued, then sovereign immunity was waived to the extent of such insurance coverage. *Dugger v. Sprouse*, 257 Ga. 778 (364 SE2d 275) (1988).

2. The appellant has a claim against the county because the waiver of sovereign immunity was in effect at the time of the injury and neither the county nor insurance company can revoke the waiver retroactively.

I am authorized to state that Justice Weltner joins in this dissent.

DECIDED MARCH 16, 1988.

*Webb, Carlock, Copeland, Semler & Stair, Robert C. Semler, D. Gary Lovell, Jr., Gerald M. Edenfield,* for appellant.

*Franklin & Taulbee, James B. Franklin, Becky J. Sasher,* for appellees.