S93A1970. CITY OF THOMASTON v. BRIDGES et al.

(439 SE2d 906)

HUNSTEIN, Justice.

The issue presented in this appeal is whether Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution, as amended effective January 1, 1991 (hereinafter "the 1991 amendment"), precludes a waiver of sovereign immunity by a municipality[1] through the purchase of liability insurance.

Carol Bridges brought suit against the City of Thomaston and a Thomaston police officer seeking damages for her injuries which arose out of a May 1, 1992 automobile accident with the officer while he was responding to an emergency call. Bridges alleged as to the City that it negligently entrusted a vehicle to the officer and was liable for her injuries under the doctrine of respondeat superior. The trial court denied the City's motion for summary judgment,[2] made on the basis that as a municipal corporation it was immune from suit and from liability, and construed the 1991 amendment to find that the City has no immunity to the extent its liability is covered by the purchase of liability insurance. We granted the City's application for interlocutory appeal.

The 1991 amendment provides that the General Assembly "may waive the state's sovereign immunity from suit by enacting a State Tort Claims Act." Id. at (a). The amendment further provides that

> [e]xcept as specifically provided in this Paragraph, sovereign immunity extends to the *state and all of its departments and agencies*. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

(Emphasis supplied.) Id. at (e). The 1991 amendment differs from its predecessor, which expressly provided for the waiver of sovereign immunity as to those actions for damages asserting claims against "the state or any of its departments and agencies" for which liability insurance protection for such claims had been provided but only to the extent of that liability coverage.[3] Former Art. I, Sec. II, Par. IX (a). In

---

[1] We do not here address the application of the 1991 amendment to counties. See *Toombs County v. O'Neal*, 254 Ga. 390 (1) (330 SE2d 95) (1985) (construing former Art. I, Sec. II, Par. IX).

[2] Summary judgment was granted to the officer; that ruling is not before this court.

[3] Former Art. I, Sec. II, Par. IX only waived sovereign immunity if an entity procured insurance coverage, but did not require that such coverage be obtained. *Ward v. Bulloch County*, 258 Ga. 92 (365 SE2d 440) (1988).

1990 a majority of qualified voters of this state approved ballot language which permitted the General Assembly to amend that constitutional provision so as to provide that the General Assembly "may authorize lawsuits against the state and its departments, agencies, officers, and employees" as well as "to provide how public officers and employees may and may not be held liable in court." Ga. L. 1990, p. 2437; see *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 50 (1) (414 SE2d 638) (1992).

It is manifest from the vote of the electorate and the express language of the General Assembly that the 1991 amendment was intended to address "the inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity," OCGA § 50-21-21 (a), while limiting the exposure of the state treasury to tort liability by means of the Georgia Tort Claims Act ("the GTCA"), OCGA § 50-21-20 et seq. Viewed in light of the conditions and circumstances under which it was framed, see generally *Birdsey v. Wesleyan College*, 211 Ga. 583, 586 (87 SE2d 378) (1955), nothing in the history of the 1991 amendment intimates any intention by the voters or the legislature to reinstate sovereign immunity in an absolute form so as to terminate completely the public's ability to bring an action for damages against a Georgia governmental entity.

The City, however, argues that this Court is constrained to hold that *municipalities* are completely immune from suit. This constraint is said to result from our holding in *Hiers v. City of Barwick*, 262 Ga. 129 (414 SE2d 647) (1992), a case in which a divided Court[4] construed former Art. I, Sec. II, Par. IX, which spoke solely in terms of "the state and all of its departments and agencies," to include municipalities. *Hiers*, supra at (2). The 1991 amendment contains virtually identical language. Hence, the City argues, the 1991 amendment must be interpreted as applying to municipalities and because the GTCA, which is the sole means set forth in the 1991 amendment to waive sovereign immunity, expressly excludes municipalities from its ambit, OCGA § 50-21-22 (5), it follows that under the law in the State of Georgia today, sovereign immunity bars all actions for damages against municipalities arising after the effective date of the amendment, notwithstanding a city's purchase of liability insurance. We do not agree.

The 1991 amendment, with its plain and seemingly unambiguous phrase "state and all of its departments and agencies," became effec-

---

[4] Clarke, C. J., the author of the opinion, was joined by Bell and Sears-Collins, JJ., and Judge J. Byron Smith. Hunt, J., concurred in part but dissented to the holding in Division 2 of the opinion that municipalities are included under former Art. I, Sec. II, Par. IX. Benham and Fletcher, JJ., also dissented to Division 2.

tive more than 14 months before this Court rendered its decision in *Hiers*, supra. The GTCA was approved a mere 14 *days* after the motion for reconsideration in *Hiers* was denied (Ga. L. 1992, p. 1895).[5] It is thus uncontrovertible that the General Assembly did not draft the 1991 amendment with the understanding that the phrase in issue was subject to being construed as including municipalities and, under the circumstances present here, it cannot be said that the General Assembly, although presumed to act with knowledge of this Court's opinions, see generally *Poteat v. Butler*, 231 Ga. 187, 188 (1) (200 SE2d 741) (1973), was in a position to recognize the impact our holding in *Hiers* would have on the 1991 amendment in conjunction with the enactment of the GTCA.

We recognize the well-established rule of construction that absent a clear indication to the contrary, this Court should accord to virtually identical language in successor provisions the same construction given the original language. See, e.g., *Bibb County v. Hancock*, 211 Ga. 429, 432 (86 SE2d 511) (1955); *Thompson v. Talmadge*, 201 Ga. 867, 885 (41 SE2d 883) (1947). This rule reflects the value of consistency in the interpretation of legal language. But this rule cannot be allowed to take precedence over the cardinal rule of construction, which is to ascertain the true intention of the drafters and interpret the language to effectuate that intent. *Price v. City of Snellville*, 253 Ga. 166, 167 (317 SE2d 834) (1984); *Laurens County v. Keen*, 214 Ga. 32, 33 (102 SE2d 697) (1958); *Wellborn v. Estes*, 70 Ga. 390, 397 (1883). Given that we have held that an obvious legislative purpose must prevail even over the literal words chosen by the drafters, where giving effect to those words would render the drafters' purpose futile, unenforceable, or ineffectual, *Bd. of Tax-Assessors v. Catledge*, 173 Ga. 656 (2) (160 SE 909) (1931); accord *City of Jesup v. Bennett*, 226 Ga. 606 (2) (176 SE2d 81) (1970), we must decline to hold that a mere rule of construction can prevail over the clear intent of the drafters.

Accordingly, although in *Hiers* we construed the language in former Art. I, Sec. II, Par. IX to include municipalities, we cannot allow that construction, which effectuated the intent behind the 1983 provision, to bind this Court to a construction which directly conflicts with the obvious intent of the drafters of the 1991 amendment and contravenes the cardinal rule of construction. To do otherwise would be to elevate a judicially-created rule of construction above the clear intention of the electorate and legislature. Accordingly, we cannot agree with the City that we are constrained to hold that "state and its de-

---

[5] It appears that numerous modifications were required in order to arrive at the definition of "State" now codified in OCGA § 50-21-22 (5) and that municipalities were expressly excluded in order to avoid establishing municipal liability under the GTCA. See 9 Ga. State Univ. L. Rev. 349, 351 (1992).

partments and agencies," as interpreted in the 1983 provision in *Hiers*, includes municipalities, as used in the 1991 amendment. Instead, we conclude that municipalities do not come within the ambit of the 1991 amendment.[6]

Therefore, based on our construction of the language of the amended version of Art. I, Sec. II, Par. IX of the Georgia Constitution, we hold that the trial court properly concluded that Bridges' suit against the City is not barred by sovereign immunity.[7]

*Judgment affirmed. All the Justices concur, except Hunt, P. J., Fletcher and Carley, JJ., who concur specially.*

CARLEY, Justice, concurring specially.

As amended in 1991, Art. I, Sec. II, Par. IX (e) of the Georgia Constitution of 1983 provides as follows:

> Except as specifically provided in this Paragraph, sovereign immunity extends to *the state and all of its departments and agencies.* The sovereign immunity of *the state and its departments and agencies* can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

(Emphasis supplied.) The issue presented for resolution is whether a municipality is a "department or agency" of the state within the meaning of this constitutional provision. The majority concludes that it is not. I concur, but I reach that conclusion by employing a different rationale from that of the majority.

In *Hiers v. City of Barwick*, 262 Ga. 129 (414 SE2d 647) (1992), a majority of this Court held that a municipality was a "department or agency" of the state within the meaning of former Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983. The majority in the instant case holds that *Hiers* is not controlling as to the meaning of a "department or agency" of the state in the 1991 amendment because it is "uncontrovertible that the General Assembly did not draft the 1991 amendment with the understanding that the phrase in issue was subject to being construed as including municipalities. . . ." I would go

---

[6] By holding that "state and its departments and agencies" in the 1991 amendment does not include municipalities, we avoid repealing by implication the constitutional provision of Art. IX, Sec. II, Par. IX (see generally *McLennan v. Aldredge*, 223 Ga. 879, 884 (4) (159 SE2d 682) (1968)) and OCGA §§ 33-24-51 and 36-33-1. See generally *Keener v. MacDougall*, 232 Ga. 273, 276 (206 SE2d 519) (1974).

[7] Contrary to the City's argument, OCGA § 36-33-3 does not protect it against respondeat superior liability where insurance has been purchased. *Ekarika v. City of East Point*, 204 Ga. App. 731 (420 SE2d 391) (1992).

further. In my opinion, former Art. I, Sec. II, Par. IX was itself never drafted with the understanding that the phrase "department or agency" of the state would include a municipality. Accordingly, rather than merely distinguish *Hiers* as controlling authority in the instant case, I would overrule it.

Former Art. I, Sec. II, Par. IX made no specific reference to a municipality's immunity from liability. It related solely to the sovereign immunity of the state itself and of the state's "departments and agencies." The issue of the immunity of municipalities was and is addressed separately in Art. IX, Sec. II, Par. IX. In my opinion, these separate constitutional provisions clearly evince that the drafters of the Constitution intended that a distinction was to be drawn between the concept of *sovereign* immunity and that of *municipal* immunity.

By its terms, the immunity which was constitutionally recognized under former Art. I, Sec. II, Par. IX is limited to that which cloaks the sovereign state itself and which, consequently, cloaks the departments and agencies through which the sovereign state actually operates. A municipality is not a department or agency through which the sovereign state itself actually operates. As Justice Hunt noted in his dissent in *Hiers*, supra at 133 (1), a municipality is not a political subdivision of this state, but "is a public corporation and a creature of the legislature. [Cits.]" Thus, a municipality can only be said to act as an agent for the state in the sense that, in lieu of the state, it is authorized to perform delegated duties for and provide delegated services to a certain segment of this state's citizens who reside within its corporate limits. A municipality is entitled to assert immunity when it "undertakes to perform for the State duties which the State itself might perform, but which have been delegated to the municipality. . . ." *Mayor &c. of Savannah v. Jordan*, 142 Ga. 409, 410 (83 SE 109) (1914). Since a municipality is no more than a public corporation exercising delegated authority in lieu of the state rather than an entity exercising express authority on behalf of the state itself, the drafters of the constitution did not consider a municipality to be a "department or agency" of the state subject to the *sovereign* immunity provisions of former Art. I, Sec. II, Par. IX and a separate constitutional provision regarding the immunity of a *municipality* was deemed to be necessary. That separate constitutional provision is to be found at Art. IX, Sec. II, Par. IX. Thus, a municipality is no more subject to the *sovereign* immunity provisions of former Art. I, Sec. II, Par. IX than a "department or agency" of the state is subject to the *municipal* immunity provisions of Art. IX, Sec. II, Par. IX.

I conclude, therefore, that

"[t]he majority [in *Hiers*] err[ed] in including cities under [former] Art. I, Sec. II, Par. IX. The error is important be-

cause of the difference in liability for negligence by cities and the state and its subdivisions . . . ."

*Hiers v. City of Barwick*, supra at 132 (1) (Hunt, J., dissent). Indeed, it is that error which has precipitated the instant appeal, which raises the question "whether cities should properly be included under any state tort claims act that may be enacted [pursuant to the 1991 amendment]." *Hiers v. City of Barwick*, supra at 133 (1) (Hunt, J., dissent). Although the majority in the instant case avoids perpetuating this error by distinguishing *Hiers* as authority for construing the 1991 amendment, I would overrule that decision so as to preclude any future reliance upon it as authority for the proposition that a municipality is to be considered a "department or agency" of the state as that phrase may be employed in any other constitutional or statutory provision.

I am authorized to state that Presiding Justice Hunt and Justice Fletcher join in this special concurrence.

DECIDED FEBRUARY 21, 1994 —
RECONSIDERATION DENIED MARCH 11, 1994.

*Adams, Barfield, Dunaway & Hankinson, Ronald Barfield, Walter E. Sumner,* for appellant.

*Evans & Evans, Larry K. Evans,* for appellees.

*Bauer, Deitch & Kline, Craig T. Jones, Franklin, Taulbee, Rushing & Brogdon, Keith A. McIntyre,* amicus curiae.