A93A2221. GILBERT et al. v. RICHARDSON et al.
(458 SE2d 405)

BLACKBURN, Judge.

In *Gilbert v. Richardson*, 211 Ga. App. 795 (440 SE2d 684) (1994), we affirmed the trial court's grant of summary judgment to the defendants on the grounds that they were immune to suit under the doctrine of sovereign immunity. The Supreme Court granted certiorari and affirmed in part and reversed in part our decision in *Gilbert v. Richardson*, 264 Ga. 744 (452 SE2d 476) (1994).

Prior to the 1991 amendment, Art. I, Sec. II, Par. IX of the 1983 Constitution provided for a waiver of sovereign immunity for any claim against "the state or any of its departments and agencies" to the extent of any liability insurance. Under the 1983 Constitution the courts interpreted the phrase "the state or any of its departments and agencies" to *include* counties, county school boards, municipalities, Board of Regents, and hospital authorities. See *Hiers v. City of Barwick*, 262 Ga. 129 (414 SE2d 647) (1992) (municipalities); *Wilson v. Bd. of Regents &c. of Ga.*, 262 Ga. 413 (419 SE2d 916) (1992) (Board of Regents); *Culberson v. Fulton-DeKalb Hosp. Auth.*, 201 Ga. App. 347 (411 SE2d 75) (1991) (hospital authorities); *Thigpen v. McDuffie County Bd. of Ed.*, 255 Ga. 59 (335 SE2d 112) (1985) (counties and county school boards).

The 1991 amendment to Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution (1991 amendment) provided sovereign immunity extended to the "state and all of its departments and agencies," except to the extent provided for by the Georgia legislature. Under the Georgia Tort Claims Act (GTCA), although the "state" waives its sovereign immunity to the extent of insurance, the statute specifically *excludes* "counties, municipalities, school districts, other units of local government, [or] hospital authorities" from the definition of "state." OCGA § 50-21-22 (5).

The Supreme Court has construed differently the same phrase contained in the pre-1991 amendment versus the post-1991 amendment for the apparent purpose of changing the impact of the GTCA. The Supreme Court has determined that the 1991 amendment *does* include counties but *does not* include municipalities. See *Gilbert v. Richardson*, 264 Ga. 744, supra (1991 amendment includes counties); *City of Thomaston v. Bridges*, 264 Ga. 4 (439 SE2d 906) (1994) (1991 amendment does not include municipalities).

In this case, the plaintiffs brought suit against the Walker County sheriff and deputy sheriff seeking damages for injuries sus-

tained in a collision with the deputy sheriff while the deputy was responding to an emergency call. The Supreme Court noted that it had previously determined that the phrase "state or any of its departments or agencies" contained in former Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution included counties of the State of Georgia. The Court reasoned that "[t]he language used in the 1991 amendment is virtually identical to that used in the 1983 amendment to describe the entities to which sovereign immunity applies. . . . [Therefore,] [a]bsent any evidence that the legislature intended a different interpretation or to indicate that the electorate did not intend to extend sovereign immunity to counties, we hold the 1991 amendment's extension of sovereign immunity to 'the state and its departments and agencies' must also apply to counties. See *Bibb County v. Hancock*, 211 Ga. 429, 432 (86 SE2d 511) (1955); *Thompson v. Talmadge*, 201 Ga. 867, 885 (41 SE2d 883) (1947) (courts should accord virtually identical language in successor provisions the same construction given the original language); see also *Thomas v. Hosp. Auth. of Clarke County*, 264 Ga. 40 (440 SE2d 195) (1994) (identifying counties as departments or agencies of the state)." *Gilbert*, supra at 747.

However, the Supreme Court disregarded its opinion in *City of Thomaston*, where it interpreted the phrase "the state and all of its departments and agencies" as contained in the 1991 amendment so as not to include municipalities. *City of Thomaston*, supra at 7. The Court reasoned, "although in *Hiers* we construed the language in former Art. I, Sec. II, Par. IX to include municipalities, we cannot allow that construction, which effectuated the intent behind the 1983 provision, to bind this Court to a construction which directly conflicts with the obvious intent of the drafters of the 1991 amendment and contravenes the cardinal rule of construction." *City of Thomaston*, supra at 6.

The Supreme Court in *City of Thomaston* inferred that the intent of the 1991 amendment was "manifest from the vote of the electorate and the express language of the General Assembly that the 1991 amendment was intended to address 'the inherent unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity,' OCGA § 50-21-21 (a), while limiting the exposure of the state treasury to tort liability by means of the [GTCA], OCGA § 50-21-20 et seq. Viewed in light of the conditions and circumstances under which it was framed, see generally *Birdsey v. Wesleyan College*, 211 Ga. 583, 586 (87 SE2d 378) (1955), nothing in the history of the 1991 amendment intimates any intention by the voters or the legislature to reinstate sovereign immunity in an absolute form so as to terminate completely the public's ability to bring an action for damages against a Georgia governmental entity." *City of Thomaston*, supra at 5.

The Supreme Court in *Gilbert* failed to acknowledge that in *City of Thomaston* they had previously determined that evidence existed of the "*obvious* intent of the drafters of the 1991 amendment" (emphasis supplied) for a different interpretation of the phrase "state and its departments and agencies" from that same phrase contained in former Art. I, Sec. II, Par. IX. However, the Supreme Court's decision in each case is final. Accordingly, our judgment in this case is vacated, and the judgment of the Supreme Court is made the judgment of this court.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Johnson, J., concur in the judgment only.*

DECIDED JUNE 19, 1995.

*Hill & Henry, W. Ralph Hill, Jr.,* for appellants.

*Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napolitan, George W. Carpenter, Stuart F. James, Strang, Fletcher, Carriger, Walker, Hodge & Smith, Larry L. Cash,* for appellees.