## A95A0028. BITTERMAN v. ATKINS et al.
(458 SE2d 688)

BLACKBURN, Judge.

J. F. Bitterman, Jr., appeals the trial court's denial of his motion for summary judgment. Plaintiffs, John J. Atkins, Jr., and Katherine Atkins, individually and as parents and natural guardians of Kyle Atkins, and Kyle Atkins, personally, filed the underlying action seeking damages for injuries Kyle Atkins sustained when lockers in the physical education dressing room fell on him. Plaintiffs alleged that Bitterman, the Chestnut Log Middle School Principal, was negligent in that he failed to adequately supervise the work being performed by defendants John Does.

On appeal, Bitterman contends that he is entitled to the protection of sovereign immunity. He asserts the 1991 amendment to Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution (1991 amendment), reaffirmed the doctrine of sovereign immunity and eliminated the insurance coverage waiver, except to the extent provided for by the Georgia legislature. Under the Georgia Tort Claims Act (GTCA), although the "state" waives its sovereign immunity to the extent of insurance, the statute specifically excludes "counties, municipalities, school districts, other units of local government, [and] hospital authorities" from the definition of "state." OCGA § 50-21-22 (5). Therefore, Bitterman contends that as no act applicable to school districts exists, sovereign immunity protection afforded by the 1991 amendment continues to apply to him.

The 1991 amendment provides that "[e]xcept as specifically provided in this Paragraph, sovereign immunity extends to the *state and all of its departments and agencies.* The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." (Emphasis supplied.) Ga. Const. 1983, Art. I, Sec. II, Par. IX (e) (amended 1991). In *Hiers v. City of Barwick*, 262 Ga. 129 (414 SE2d 647) (1992), the Georgia Supreme Court determined that the phrase " 'the state and all of its departments and agencies,' " as contained in former Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution, included municipalities. However, in *City of Thomaston v. Bridges*, 264 Ga. 4, 7 (439 SE2d 906) (1994), the Georgia Supreme Court interpreted the phrase " 'the state and all of its departments and agencies' " contained in the 1991 amendment so as not to include municipalities. The Court reasoned, "although in *Hiers* we construed the language in former Art. I, Sec. II, Par. IX to include municipalities, we cannot allow that construction, which effectuated the intent behind the 1983 provision, to bind this Court to a construction which directly conflicts with the obvious intent of the drafters of the 1991 amendment and contravenes

the cardinal rule of construction." *City of Thomaston*, supra at 6.

The Court inferred that the intent of the 1991 amendment was "manifest from the vote of the electorate and the express language of the General Assembly that the 1991 amendment was intended to address 'the inherent unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity,' OCGA § 50-21-21 (a), while limiting the exposure of the state treasury to tort liability by means of the [GTCA], OCGA § 50-21-20 et seq. Viewed in light of the conditions and circumstances under which it was framed, see generally *Birdsey v. Wesleyan College*, 211 Ga. 583, 586 (87 SE2d 378) (1955), nothing in the history of the 1991 amendment intimates any intention by the voters or the legislature to reinstate sovereign immunity in an absolute form so as to terminate completely the public's ability to bring an action for damages against a Georgia governmental entity." *City of Thomaston*, supra at 5.

Recently in *Gilbert v. Richardson*, 264 Ga. 744 (452 SE2d 476) (1994), the Supreme Court again addressed a similar issue. Therein, the plaintiffs brought suit against the Walker County sheriff and deputy sheriff seeking damages for injuries sustained in a collision with the deputy sheriff while she was responding to an emergency call. The Court in *Gilbert* noted that it had previously determined that the phrase "state or any of its departments or agencies" contained in former Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution included counties of the State of Georgia. The Court reasoned that "[t]he language used in the 1991 amendment is virtually identical to that used in the 1983 amendment to describe the entities to which sovereign immunity applies. . . . [Therefore,] [a]bsent any evidence that the legislature intended a different interpretation or to indicate that the electorate did not intend to extend sovereign immunity to counties, we hold the 1991 amendment's extension of sovereign immunity to 'the state and its departments and agencies' must also apply to counties. See *Bibb County v. Hancock*, 211 Ga. 429, 432 (86 SE2d 511) (1955); *Thompson v. Talmadge*, 201 Ga. 867, 885 (41 SE2d 883) (1947) (courts should accord virtually identical language in successor provisions the same construction given the original language); see also *Thomas v. Hosp. Auth. of Clarke County*, 264 Ga. 40 (440 SE2d 195) (1994) (identifying counties as departments or agencies of the state)." *Gilbert*, supra at 747.

The Court in *Gilbert* failed to acknowledge that in *City of Thomaston* they had previously determined that evidence existed of the "*obvious* intent of the drafters of the 1991 amendment" (emphasis supplied) for a different interpretation of the phrase "state and its departments and agencies" from that same phrase contained in former Art. I, Sec. II, Par. IX. However, the latest Supreme Court decision is our lodestar. See *Hall v. Hopper*, 234 Ga. 625, 631 (216 SE2d

839) (1975). "Let's all realize that henceforth 'stare decisis' is like a train ticket — good for this date and this train only; tomorrow will be a new day and we will need a new ticket and we will not be bound by what a full bench decided yesterday or one hundred years ago." *Thomas v. State*, 136 Ga. App. 165, 168 (220 SE2d 736) (1975) (Judge Evans concurring specially).

Pursuant to *Gilbert*, the Supreme Court's decision including school districts within the phrase "state and its departments and agencies" as contained in former Art. I, Sec. II, Par. IX, see *Thigpen v. McDuffie County Bd. of Ed.*, 255 Ga. 59 (335 SE2d 112) (1985), controls our decision in the present case. Therefore, sovereign immunity extends to school districts under the 1991 amendment, and the legislature has not provided for a waiver of such immunity. See OCGA §§ 50-21-22 (5) and 20-2-992 (no waiver of principal's immunity by purchase of insurance).

"It is a well-established principle that a public official who fails to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well established that where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as the result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and *without willfulness, malice, or corruption.* Where public officials are acting within the scope of their duties and exercising a discretionary power, the courts are not warranted in interfering, unless fraud or corruption is shown, or the power or discretion is being manifestly abused to the oppression of the citizen. Such discretionary acts lie midway between judicial and ministerial ones and the question depends on the character of the act. If the act done for which recovery is sought is judicial or quasi-judicial in its nature, the officer acting is exempt from liability." (Citations and punctuation omitted.) *Sisson v. Douglas County School Dist.*, 181 Ga. App. 77, 79 (351 SE2d 272) (1986).

In the present case, the plaintiffs alleged that the principal failed to adequately supervise work performed by other county employees in installing the free-standing lockers which fell on Kyle Atkins. Plaintiffs alleged that the principal's failure was compounded by the fact that he was aware the lockers had previously been pushed over by students injuring another student. Although the principal was primarily responsible for ordering the new lockers, once they were delivered, he was not responsible for their installation. The maintenance supervisor was responsible for the installation of equipment. The principal's responsibility was within his discretionary duties, and as such,

the doctrine of sovereign immunity acts to shield them in the absence of evidence that they were wilful, malicious, or corrupt. See id. and *Hennessy v. Webb*, 245 Ga. 329 (264 SE2d 878) (1980).

Therefore, the trial court erred in denying Bitterman's motion for summary judgment.

*Judgment reversed. McMurray, P. J., concurs. Andrews, J., concurs in judgment only.*

DECIDED JUNE 22, 1995.

*D. Jeffrey Grate, Mary P. Vilmos, Marshall L. Helms, Jr.*, for appellant.

*Ervin H. Gerson*, for appellees.

*Harben & Hartley, Phillip L. Hartley, Martha M. Pearson*, amici curiae.