NAHMIAS, Presiding Justice, concurring.
The Court concludes that the appellees - four county employees - have official immunity from Wyno's lawsuit under Article I, Section II, Paragraph IX (d) of the Georgia Constitution of 1983 as amended in 1991. As explained in footnote 2 of the Court's opinion, that conclusion is premised on the proposition that Paragraph IX - which addresses the sovereign and official immunity of "the state," its "departments and agencies," and "officers and employees of the state and its departments and agencies" - applies to counties and their employees. That proposition is supported by decisions of this Court, and we have also held that Paragraph IX applies to municipalities and their employees.
As the Georgia Municipal Association discusses in its amicus curiae brief, however, the foundational precedents for those holdings were sharply divided. See Nelson v. Spalding County, 249 Ga. 334, 290 S.E.2d 915 (1982) (counties under 1974 constitutional amendment); Toombs County v. O'Neal, 254 Ga. 390, 330 S.E.2d 95 (1985) (counties under 1983 Constitution); Hiers v. City of Barwick, 262 Ga. 129, 414 S.E.2d 647 (1992) (municipalities under 1983 Constitution); City of Thomaston v. Bridges, 264 Ga. 4, 439 S.E.2d 906 (1994) (municipalities under 1991 constitutional amendment). See also Gilbert v. Richardson, 264 Ga. 744, 452 S.E.2d 476 (1994) (less-divided opinion as to counties under 1991 constitutional amendment). And these holdings seem to render nugatory another provision of our Constitution that speaks expressly of the immunity of counties and municipalities and gives the General Assembly wider authority to regulate such immunity.
*306 See Ga. Const. of 1983, Art. IX, Sec. II, Par. IX ("The General Assembly may waive the immunity of counties, municipalities, and school districts by law."). It may be appropriate to reconsider some or all of these precedents at some point, but the parties have not asked us to do so in this case, and there is no need to, because if Paragraph IX (d) of Article I, Section II does not apply to county employees, there would be no question that former OCGA § 4-8-30 of the Responsible Dog Ownership Law precludes Wyno's lawsuit.[1] With that said, I can join the Court's opinion in full.
I am authorized to state that Justice Blackwell, Justice Boggs, and Justice Peterson join in this concurrence.

This would be true whether former OCGA § 4-8-30 gave local government employees official immunity from suit (as has previously been assumed in the litigation of this case) or simply made clear that the Responsible Dog Ownership Law did not authorize a tort cause of action against local government employees for violation of their duties created by the Law (as the appellees argue in a supplemental brief).