## A93A1989. DANIELS v. DECATUR COUNTY.
### (441 SE2d 790)

BEASLEY, Presiding Judge.

In May 1992, Daniels filed a complaint for damages against Decatur County, alleging that as an inmate at the county correctional institute he was underneath a dump truck working on it in October 1991 when the deputy warden negligently drove a front-end loader into the rear end of the dump truck, causing it to slide from a jack and drop onto Daniels.

The county asserted the defense of sovereign immunity under Ga. Const. 1983, Art. I, Sec. II, Par. IX, as amended in 1990, and moved to dismiss on that ground.

In opposition, Daniels filed an insurance policy issued to the county providing commercial and motor vehicle liability coverage during the time in question. Daniels argued that the county's immunity is governed by Ga. Const. 1983, Art. IX, Sec. II, Par. IX and OCGA § 33-24-51.

The trial court treated the county's motion to dismiss as one for summary judgment, having considered matters outside the pleadings, and granted it.

1. The 1983 Article I provision, upon which the county relies, ex-

tended sovereign immunity to the state and all of its departments and agencies, but provided that the defense of sovereign immunity was waived to the extent of any liability insurance provided. It additionally stated that sovereign immunity of the state or any of its departments and agencies could be waived further by Act of the General Assembly specifically providing that sovereign immunity was waived and the extent of the waiver.

By an amendment in 1990, which became effective on January 1, 1991, this provision was revised to extend sovereign immunity to all state departments and agencies, regardless of any insurance. *Donaldson v. Dept. of Transp.*, 262 Ga. 49 (414 SE2d 638) (1992).

Subparagraph (a) of the amendment authorizes the General Assembly to waive the state's sovereign immunity from suit by enacting a State Tort Claims Act for the making, handling, and disposition of actions or claims against the state and its departments, agencies, officers, and employees. Subparagraph (e) provides, "The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."

In 1992, the General Assembly enacted the Georgia Tort Claims Act. OCGA § 50-21-20 et seq. Subject to various exceptions and limitations, the state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment. OCGA § 50-21-23 (a). As used in the Act, "State" does not include counties, municipalities, school districts or other units of local government. OCGA § 50-21-22 (5).

On the other hand, the Article IX provision, upon which the plaintiff stands, states: "The General Assembly may waive the immunity of counties, municipalities, and school districts by law." OCGA § 33-24-51 (a) authorizes a municipal corporation, a county, or any other political subdivision of this state in its discretion to secure and provide insurance to cover liability for damages arising by reason of ownership, maintenance, operation, or use of any motor vehicle. Subsection (b) provides that whenever such an entity provides this liability insurance coverage, its governmental immunity shall be waived to the extent of the insurance purchased. *Ekarika v. City of East Point*, 204 Ga. App. 731, 732 (420 SE2d 391) (1992). The Article IX provision has not been amended, and the statute has not been expressly repealed.

In *Toombs County v. O'Neal*, 254 Ga. 390 (330 SE2d 95) (1985), the plaintiff brought a negligence action against a county after falling in the lobby of the county jail. Although the county had in effect a liability policy affording coverage under these circumstances, it moved to dismiss on the basis of sovereign immunity. Notwithstand-

ing the fact that counties have been generally recognized as political subdivisions of the state rather than state agencies or departments, the Supreme Court held that under the Article I provision Toombs County had waived its defense of sovereign immunity, by providing liability insurance protection for the claim in that case.

The county argues that the 1990 amendment to the Article I provision divested the General Assembly of authority under the Article IX provision to waive the immunity of counties based on motor vehicle liability insurance, thereby abrogating OCGA § 33-24-51. However, as recognized in *Toombs County*, supra at 392 (2), Article IX constitutes a separate grant of authority to the General Assembly. The Supreme Court states in *Hiers v. City of Barwick*, 262 Ga. 129, 131, n. 1 (414 SE2d 647) (1992), in applying the *Toombs* holding to municipalities, "We do not hold here that the immunity of the state, counties and municipalities [is] co-extensive. The Constitution provides separately in Art. IX, Sec. II, Par. IX for additional legislative waiver of the immunity of counties, school districts and municipalities."

Moreover, assuming Article I applies, subparagraph (e) of the 1990 amendment empowers the General Assembly to waive the sovereign immunity of the state and its departments and agencies by an Act which specifically provides that sovereign immunity is thereby waived and the extent of such waiver. Subparagraph (e) does not limit such "Act" to the State Tort Claims Act. OCGA § 33-24-51, part of a 1960 Act (Ga. L. 1960, pp. 289, 673-674; Code Ann. § 56-2437), satisfies the criteria required by subparagraph (e).

2. The county argues that even if OCGA § 33-24-51 remains in effect, the county is still entitled to summary judgment, because a front-end loader is not a motor vehicle as contemplated by the county's insurance policy. However, it still has not shown that it was entitled to summary judgment with respect to the dump truck. In reliance upon repealed and extant parts of the definitional section of the Georgia Motor Vehicle Accident Reparations Act (OCGA § 33-34-2), the county argues that the accident did not arise by reason of ownership, maintenance, operation or use of the dump truck. The county's reliance upon this Act is misplaced because of variations between it and OCGA § 33-24-51 (a).

*Judgment reversed. Cooper and Smith, JJ., concur.*

DECIDED FEBRUARY 22, 1994 —
RECONSIDERATION DENIED MARCH 11, 1994 —

*Beauchamp & Associates, Robert M. Beauchamp*, for appellant.

*Kirbo & Kendrick, David A. Kendrick*, for appellee.