A97A0233. SAYLOR v. TROUP COUNTY.
(484 SE2d 298)

Judge Harold R. Banke.

Joseph Saylor filed a personal injury action against Troup County ("County"). Saylor appeals the trial court's grant of summary judgment based on the County's sovereign immunity.

The salient facts are undisputed. Saylor was injured while working as an inmate on a prison work detail. At the time of the incident, Saylor was sharpening a swing blade on a vise attached to the bumper of a van for which the County had obtained liability insurance. As Saylor was sharpening the blade, another inmate was using a tractor to mow the grass on the right-of-way. The tractor slightly bumped Saylor, allegedly causing him to lose his balance and fall across the swing blade. Saylor sued the County contending it was liable for the negligence of his fellow inmate and for the negligent supervision by Officer Donald V. Osborne, the County employee in charge of the prison work detail.

The County moved for summary judgment based on its defense of sovereign immunity. OCGA § 36-1-4. Assistant County Manager Michael Dobbs testified that both of the County's liability insurers had denied coverage of Saylor's claim. Dobbs further attested that the County had no other policy of insurance available which could provide coverage. *Held*:

Saylor's sole enumeration is that the trial court erroneously granted summary judgment. He contends that a jury must determine whether his injuries arose out of the "ownership, use or maintenance" of the van at issue so as to trigger liability insurance coverage.

A county is not required to purchase liability insurance and is entitled to sovereign immunity in the absence of insurance. OCGA § 33-24-51 (a); *Ward v. Bulloch County*, 258 Ga. 92, 93 (365 SE2d 440) (1988). The purchase of insurance coverage waives a county's sovereign immunity only to the extent of such insurance coverage. See OCGA § 33-24-51 (b); *Dugger v. Sprouse*, 257 Ga. 778, 779 (364 SE2d 275) (1988). Further, a county's sovereign immunity is waived only

when its insurer satisfies a claim under the coverage provided. *Ward*, 258 Ga. at 93.

It is undisputed that no liability insurance coverage was available for the tractor and that the County had no general liability or public officials' insurance coverage either. The only possible coverage was under the liability insurance policy for the van. That policy provided coverage for bodily injury caused by an accident "resulting from the ownership, maintenance, or use" of a covered vehicle. Although under such a policy the injury need not be the proximate result of "use" in the strict sense, the meaning of "use" cannot be extended to something distinctly remote. *Leverette v. Aetna Cas. &c. Co.*, 157 Ga. App. 175, 176 (276 SE2d 859) (1981). " ' "The question to be answered is whether the injury 'originated from,' 'had its origin in,' 'grew out of,' or 'flowed from' the use of the (motor vehicle as a) vehicle." ' [Cit.]" Id.

When the tractor bumped Saylor, the van was inoperative, parked off the roadway with its engine not engaged. Saylor was merely using the bumper of the van for placement of the vise, and the van itself was only remotely related to the accident. Saylor's injury did not "originate in" or "flow from" the use of the van as a motor vehicle. *Leverette*, 157 Ga. App. at 176. Compare *Northbrook Property &c. Ins. Co. v. Merchant*, 215 Ga. App. 273, 275 (1) (450 SE2d 425) (1994); see also *Crider v. Zurich Ins. Co.*, 222 Ga. App. 177, 179 (2) (474 SE2d 89) (1996); *Daniels v. Decatur County*, 212 Ga. App. 378, 380 (2) (441 SE2d 790) (1994). Because the County showed it had no applicable liability insurance, it was entitled to summary judgment as a matter of law. *Dugger*, 257 Ga. at 779.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 14, 1997.

*Robert M. Beauchamp, L. Chandler Vreeland*, for appellant.

*Willis, McKenzie & Long, Edward L. Long, Jr., Mark L. Degennaro*, for appellee.