A10A0578. CAMPBELL et al. v. GOODE.

(695 SE2d 44)

JOHNSON, Presiding Judge.

Jesse Goode sued the City of Conyers and two of its police officers, personally and in their official capacities, after one of the officers broke his arm during what they allege was a valid *Terry*

---

pat-down for weapons.[1] The City and the police officers filed a motion for summary judgment, which the trial court granted as to Goode's claims for punitive damages and attorney fees, but denied as to Goode's claims of negligence and intentional torts. The City and the police officers appeal, claiming that audio/video recordings of the encounter reveal that there is no genuine issue of material fact remaining as to their liability. For the reasons described below, we reverse.

> To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the evidence and all reasonable inferences and conclusions drawn therefrom, viewed in the nonmovant's favor, warrant judgment as a matter of law. We review the grant of a motion for summary judgment de novo.[2]

So viewed, the record shows that on June 8, 2006 at approximately 3:30 a.m., Goode was walking in the vicinity of a McDonald's restaurant and a Longhorn Steakhouse in Conyers. Officer Johnny Campbell, who was aware of recent early-morning robberies at restaurants in Conyers, observed Goode, exited his patrol car, and made verbal contact with Goode. The encounter between Campbell and Goode was recorded by the video camera in Campbell's patrol car and by the audio microphone on Campbell's shirt. Goode acknowledged in his deposition that the recording provided a fair and accurate depiction of the incident.

The officer asked Goode, who was wearing a coat and carrying a backpack, what he was doing in the restaurant parking lot at that hour of the morning. Goode responded that he was throwing away some trash. After Goode provided the officer with identification, the officer asked Goode whether he had any weapons. Although Goode claims that he told the officer that he did not, it is difficult to hear any response in the audio recording of the incident. The officer asked Goode nine additional times if he had any weapons before Officer Scott Slater arrived at the scene approximately two minutes later.

Campbell asked Goode three more times if he had any weapons. When Goode failed to answer, Campbell approached him from behind and made physical contact with him in what Campbell alleges was an attempt to frisk Goode for weapons. After Goode raised his right arm above his head, Campbell grabbed that arm and pulled it such a way that caused it to break.

1. Officers Campbell and Slater first claim that the trial court

---

[1] *Terry v. Ohio*, 392 U. S. 1, 20 (88 SC 1868, 20 LE2d 889) (1968).

[2] *Selvy v. Morrison*, 292 Ga. App. 702 (665 SE2d 401) (2008).

erred in finding that genuine issues of material fact remained as to whether they acted with actual malice. We agree.

Under Georgia law, a police officer may be personally liable only for discretionary acts performed with malice or an intent to injure;[3] and decisions to investigate suspicious activity and to conduct a pat-down for weapons are discretionary functions of a police officer's job.[4]

> In the context of official immunity, actual malice requires a deliberate intention to do wrong and denotes express malice or malice in fact. Actual malice does not include implied malice, or the reckless disregard for the rights and safety of others. A deliberate intention to do wrong such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiff[ ].[5]

Here, Goode acknowledges that he does not believe Campbell intended to break his arm. While Goode does claim that one of the officers called him an "a___hole," even if that were so, such a statement would fail to show actual malice.[6] Because the evidence, even when viewed in the light most favorable to Goode, does not create a genuine issue of material fact as to whether the officers acted with actual malice, the trial court erred in failing to grant summary judgment in favor of the officers as to Goode's claims against them in their personal capacities.[7]

2. The City also asserts that the trial court erred in denying its motion for summary judgment as to Goode's claims against the City and the officers in their official capacities. While we find that genuine issues of fact remain as to whether Campbell acted negligently, we also find that Goode failed to present any evidence that the City waived its sovereign immunity.

While Goode acknowledges that the right of police officers to make an investigatory stop "necessarily carries with it the right to

---

[3] See *Cameron v. Lang*, 274 Ga. 122, 123 (1) (549 SE2d 341) (2001).

[4] See *Reed v. DeKalb County*, 264 Ga. App. 83, 86 (589 SE2d 584) (2003) ("discretionary act calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed") (citation and punctuation omitted).

[5] (Citation and punctuation omitted.) *Selvy*, supra at 704.

[6] Id. We note that in our review of the recordings, it appeared that it was Goode, not one of the officers, who used the term "a___hole." We also note that the recordings did not support Goode's contention that the officers were "hostile" in the way they spoke to him.

[7] Id.

use some degree of physical coercion or threat thereof to effect it[,]"[8] he properly argues that "an officer may not use more force than is reasonably necessary under the circumstances."[9] The City, on the other hand, argues that, after viewing the recordings of the incident, no reasonable trier of fact could determine that Campbell used more force than was "reasonably necessary."[10]

After reviewing the recordings, we find that reasonable minds could differ as to whether Campbell acted negligently. For example, while Campbell originally claimed that he made physical contact with Goode only after telling him that he intended to conduct a pat-down search for weapons, the recordings indicate that he approached Goode from behind and began frisking him without providing such a warning. Moreover, the recordings do not conclusively establish such matters as the tightness of Campbell's grip on Goode's arm or the amount of force he exerted on it.[11] Because the right to draw an inference of negligence lies peculiarly within the exclusive province of the jury except in plain, palpable, and undisputed cases,[12] we decline to find that the recordings of the incident resolve the issue of whether Campbell acted negligently.[13]

However, even if a jury were to find that Campbell acted negligently and that his negligence resulted in Goode's injury, Goode's claim against Campbell in his official capacity is, in reality, a suit against a governmental entity and subject to a claim of sovereign immunity.[14] Here, Goode asserts that the City has waived its immunity to the extent that it purchased liability insurance. However, OCGA § 36-33-1 provides that a municipality shall not waive its immunity by purchasing liability insurance except under certain conditions. While Goode cites to the exception relied upon in *Cameron* and established by OCGA § 33-24-51, that statute provides for a waiver of sovereign immunity only where liability insurance is purchased to cover damages arising from the use of a motor vehicle. Here, the alleged negligence is unrelated to the use of a motor vehicle, and no genuine issue of fact remains as to whether the City waived its sovereign immunity pursuant to OCGA § 33-24-51. As a result, the trial court erred in denying the motion for

---

[8] (Citation and punctuation omitted.) *Delong v. Domenici*, 271 Ga. App. 757, 760 (1) (610 SE2d 695) (2005).

[9] *Long v. State*, 261 Ga. App. 478, 479 (1) (583 SE2d 158) (2003).

[10] See *Scott v. Harris*, 550 U. S. 372, 380-381 (III) (A) (127 SC 1769, 167 LE2d 686) (2007).

[11] Compare id. at 380 (III) (A) (recording contradicted plaintiff's version of the facts so completely "that no reasonable jury could have believed him.").

[12] See *Ogletree v. Navistar Intl. Transp.*, 271 Ga. 644, 647 (522 SE2d 467) (1999).

[13] Conversely, Goode presented no evidence of any negligence committed by Slater, and Goode even admitted in his deposition that he did not think Slater caused his injury.

[14] See *Cameron*, supra at 126 (3).

summary judgment as to Goode's claims against the City and the officers in their official capacities.

*Judgment reversed. Miller, C. J., and Phipps, J., concur.*

DECIDED MARCH 29, 2010 —
RECONSIDERATION DENIED MAY 12, 2010.

*Freeman, Mathis & Gary, Theodore Freeman, Paul I. Hotchkiss,* for appellants.

*Daniel C. Chapman III, Milton F. Eisenberg II, James E. Carter, Miguel A. Cossio,* for appellee.