**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 28, 2012**

# In the Court of Appeals of Georgia

A12A0974, A12A0975. KAY ANKERICH IN HER OFFICIAL
CAPACITY AS DEPUTY SHERIFF OF HART COUNTY et
al. v. SAVKO; and vice versa.

BARNES, Presiding Judge.

Melanie Savko sued Kay Ankerich, a Hart County deputy sheriff, and Mike Cleveland, Sheriff of Hart County (hereinafter collectively "Ankerich"), in their official capacities to recover damages for injuries she sustained when she was involved in an automobile collision at an intersection where Ankerich was directing traffic. She also served State Farm Mutual Automobile Insurance Company and Nationwide Mutual Fire Insurance Company with the complaint as her uninsured/underinsured motorist carriers.

In Appeal No. A12A0974, after the grant of Ankerich's application for interlocutory review, she appeals the trial court's denial of her motion for summary judgment, and in Appeal No. A12A0975, Savko cross-appeals the denial of her partial motions for summary judgment against Ankerich, State Farm, and Nationwide. The primary issue on appeal is whether Ankerich was "using" her patrol car such that the county's purchase of automobile liability insurance constituted a waiver of the county's sovereign immunity and by extension, Ankerich's official immunity. Upon our review, and holding that the trial court erred in finding that the patrol vehicle was in "use" as contemplated by OCGA § 33-24-51 (b), we reverse the trial court's denial of Ankerich's' motion for summary judgment as to the issue of the waiver of sovereign immunity in Appeal No. A12A0974, and affirm the trial court's denial of Savko's motions for summary judgment in Appeal No. A12A0975.

Summary judgment is appropriate if the pleadings and the undisputed evidence show that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). On appeal from the grant or denial of summary judgment, the appellate courts conduct a de novo review, construing all reasonable inferences in the light most favorable to the

nonmoving party. *Alston & Bird v. Mellon Ventures II,* 307 Ga. App. 640 (706 SE2d 652) (2010).

So viewed, the record shows that Ankerich was directing traffic at an intersection near North Hart Elementary School in Hart County at approximately 7:30 a.m. She parked her patrol car on the side of Highway 77 with the blue lights activated. There were flashing lights in the front and rear of the patrol car. Ankerich stood in the middle of the intersection approximately 18 feet from her patrol car, wearing reflective gloves and a reflective vest. Her purpose was to direct northbound and southbound traffic on Highway 77 so that school buses could proceed through the intersection of Kelly Road and Highway 77 to the elementary school. At one point, she signaled the school bus driver to proceed through the intersection. Ankerich did not see that Savko's car was also approaching the intersection on Highway 77, and Savko's vehicle collided with the school bus. Savko brought suit against Ankerich and Sheriff Cleveland, under the respondeat superior doctrine, alleging, among other things, that Ankerich was negligent in the performance of her duties. State Farm and Nationwide were served with a copy of the complaint as the uninsured/underinsured motorist carriers.

Savko moved for partial summary judgment against Ankerich on the issue of whether sovereign immunity was waived to the extent of the county's liability insurance because she was injured as a result of Ankerich's use of the patrol vehicle. She also moved for summary judgment against Nationwide and State Farm Insurance, arguing that she had uninsured/underinsured motorist coverage in effect and available as a result of injuries caused by Ankerich's use of an underinsured motor vehicle. In her motion against Nationwide, Savko further maintained that she was entitled to summary judgment on whether her uninsured motorist coverage policy limits were equal to her liability coverage limit of $50,000, because she had not designated on her policy either a rejection of coverage or an election of lesser or greater amount of coverage. Ankerich later filed a responsive motion for summary judgment on the issue of whether there had been a waiver of sovereign immunity.

The trial court denied both motions for summary judgment on the immunity issue. It held that sovereign immunity was dependent on whether Ankerich was "using" the patrol car when Savko was injured, and that the issue of "use" was for a jury to determine. The trial court also denied Savko's motions for partial summary judgment against State Farm and Nationwide upon finding that the results were dependent on the same issue of the " 'use' of the patrol vehicle as a covered vehicle."

4

Further, the trial court denied summary judgment to Savko against Nationwide on the issue of the amount of her uninsured/underinsured coverage. Finally, the trial court found that there was a question as to whether Savko was covered under the Nationwide policy. The trial court certified for immediate review the denial of the motions for summary judgment, and we granted Ankerich's application for interlocutory review. This appeal and cross-appeal ensued.

Appeal No. A12A0974

1. Ankerich contends that the trial court erred in denying her motion for summary judgment, arguing that because she was not "using" her patrol car at the time of the accident, the county did not waive its immunity by purchasing motor vehicle liability of insurance pursuant to OCGA § 33-24-51.

> Under our Constitution, Georgia counties enjoy sovereign immunity, and can be sued only if they have waived their immunity. A lawsuit against a [deputy] sheriff in [her] official capacity is considered a suit against the county, and the [deputy] sheriff is entitled to assert any defense or immunity that the county could assert, including sovereign immunity. The question, then, is whether the sovereign immunity of [Hart] County has been waived with respect to the claim asserted against [Ankerich] in this case.

5

(Citations omitted.) *Strength v. Lovett*, 311 Ga. App. 35, 38 (1) (714 SE2d 723) (2011).

Ankerich contends that Hart County did not waive its sovereign immunity under OCGA § 33-24-51 (a), which provides in relevant part that

> a municipal corporation, a county, or any other political subdivision of this state is authorized in its discretion to secure and provide insurance to cover liability for damages . . . arising by reason of ownership, maintenance, *or use of any motor vehicle* by the . . . county.

(Emphasis supplied.) OCGA § 36-92-2 (b) only grants a waiver of sovereign immunity "for a loss arising out of claims for *the negligent use of a covered motor vehicle* . . . to the extent and in the manner provided in this chapter. . . ." (Emphasis supplied.)[1] Thus, to establish a waiver of sovereign immunity, Savko is required to prove not only the existence and extent of insurance coverage but also that the negligent use of the county vehicle was both the cause in fact and the proximate cause of his injury. *Rampell v. Williams*, 217 Ga. App. 292, 293-294 (2) (457 SE2d 224) (1995). "The procurement of insurance under this statute does not constitute a waiver

---

[1] A "covered motor vehicle" is any motor vehicle owned, leased or rented by the county, OCGA § 36-92-1 (2), and the parties do not dispute that the patrol car at issue in this case was a "covered motor vehicle."

of sovereign immunity with regard to personal injury caused by the county's negligence, unless the negligence of its 'officer, agent, servant, attorney, or employee' arises from the use of a motor vehicle. [Cits.]" *Simmons v. Coweta County*, 229 Ga. App. 550, 552 (494 SE2d 362) (1997).

> This point addresses the issue of causation in relation to a county's liability for the negligent use of a motor vehicle. In that regard, the plaintiff in this tort action, as in any tort action, must prove causation and damages. With respect to causation, to recover damages in a tort action, a plaintiff must prove that the defendant's [active] misuse of a county vehicle was both the cause in fact and the proximate cause of the injury.

(Footnote and punctuation omitted.) *Tittle v. Corso*, 256 Ga. App. 859, 864 (2) (569 SE2d 873) (2002).

While acknowledging that "whether an event arises from the 'use' of a motor vehicle depends largely on the circumstances, and a bright-line definition is elusive," we have nonetheless held that "use" of a vehicle in this context means "whether the injury originated from, had its origin in, grew out of, or flowed from the use of the motor vehicle *as a vehicle*." (Punctuation omitted.) *Gish v. Thomas*, 302 Ga. App. 854, 861 (2) (691 SE2d 900) (2010) .

In *Gish*, a deputy sheriff was transporting a suicidal prisoner from magistrate court back to jail. The deputy left the prisoner alone in the patrol car for a few minutes with his loaded service revolver on the front seat. Id. at 857. The prisoner grabbed the gun and shot and killed himself. Id. His family sued the county, but we held that the county had not waived sovereign immunity through the purchase of liability insurance because when the suicide occurred, the patrol car "was essentially being used as a holding cell and did not relate to the use of the patrol car as a vehicle." Id. at 861 (2).

We reached a similar conclusion in *Williams v. Whitfield County*, 289 Ga. App. 301 (656 SE2d 584) (2008). There, a motorist who was involved in a collision at the intersection of two county roads alleged that the county had negligently failed to warn motorists of the closure of one of the roads. Id. The motorist argued that the county had waived its sovereign immunity by placing a large excavator, which was covered under the county's liability policy, on the roadside. Id. at 302. We held that the county had not waived its immunity because the excavator was not being *used* as a motor vehicle at the time of the collision, but was instead "merely present as a static physical mass." Id. at 305.

The facts in *Saylor v. Troup County*, 225 Ga. App. 489 (484 SE2d 298) (1997), are also similar. There, a prison inmate on work detail was injured by a swing blade attached to a vise on a county van parked on the side of the road. We held that the van was not in "use" for sovereign immunity purposes because it was "inoperative, [and] parked off the roadway with its engine not engaged" at the time of the accident. Id. at 490.

Likewise in *Tittle,* supra, 256 Ga. App. at 859, a motorist sued a sheriff's deputy, as well as the sheriff's department, alleging that the deputy pulled up in his patrol car and assaulted him while he was having car trouble on a dark night. We held that the county's purchase of liability insurance to cover the deputy's patrol car did not constitute a waiver of sovereign immunity because the car was not in "use" at the time of the incident. Id. at 864 (2). This Court rejected the motorist's argument that his injury arose from the use of the car because "the headlights and spotlight were used to illuminate the area and because [the deputy] placed [the motorist] against the hood of the car." Id. We concluded, instead, that the patrol car was only remotely related to the deputy's alleged tortious conduct. Id.

Ankerich contends that sovereign immunity was not waived because the patrol car was not being "used" within the meaning of the OCGA § 33-24-51 (a) at the time

9

of the accident. At the time of the collision with Savko's vehicle, Ankerich's patrol car was parked approximately 18 feet from where she stood in the intersection to direct traffic. Even though its blue lights were activated, we have held that utilization of a car's lights for illumination purposes does not constitute "use" in the context of sovereign immunity. See *Tittle*, 256 Ga. App. at 859. Even if it can be argued that the vehicle was used as an ancillary prop to assist Ankerich with her duties in directing traffic, even the utilization of a vehicle as a physical barrier to alert motorists to be cautious does not constitute "use." See *Williams*, 289 Ga. App. at 301. Under these circumstances, the car was not in "use" and the county's purchase of liability insurance for it did not waive sovereign immunity. Accordingly, the trial court erred in denying Ankerich's motion for summary judgment on the basis of sovereign immunity.

Case No. A12A0975.

2. Savko asserts that the trial court erred in denying her motion for partial summary judgment because Ankerich was "using" the patrol car as an integral part of the equipment she used to direct traffic.

Because of our holding in Division 1 regarding the "use" of the patrol vehicle, we affirm the trial court's denial of Savko's motion for summary judgment against

10

Ankerich. Although the trial court erred in its determination that sovereign immunity had not been waived, summary judgment right for any reason will be affirmed. *Hot Shot Express v. Assicurazioni Generali*, 252 Ga. App. 372, 373 (556 SE2d 475) (2001).

3. Savko also contends that the trial court erred in denying her motions for partial summary judgment against State Farm and Nationwide, her UM carriers. Pursuant to her UM coverage, Nationwide was obligated to compensate Savko for damages she was legally entitled to recover from the owner or operator of an uninsured motor vehicle which are "due to you by law . . . arising out of the . . . ownership. . . maintenance; or. . . use of the uninsured motor vehicle," and State Farm was liable for damages Savko was "legally entitled to collect . . . arising out of the operation, maintenance or use of an uninsured motor vehicle." Savko maintains that her injuries were caused by the use of Ankerich's patrol car so as to trigger the UM coverage in her policies with State Farm and Nationwide.

While only a "slight causal connection" between the damages and the use of the vehicle is required, *Abercrombie v. Ga. Farm Bureau Mutual Ins. Co.*, 216 Ga. App. 602, 604 (454 SE2d 813) (1995), this broad interpretation does not extend the definition of use "to something distinctly remote." *Kinzy v. Farmers Ins. Exchange*,

11

293 Ga. App. 509, 510 (1) (667 SE2d 673) (2008). "Ultimately, Georgia law requires a causal connection between the use of the vehicle and the injury sustained." (Citations and punctuation omitted.) Id. In the circumstances present here and explained in Division 1, Ankerich's patrol car was not in "use" at the time of the collision and the county's purchase of liability insurance did not waive sovereign immunity.

Thus, as Savko's UM coverage was not triggered by the use of Ankerich's patrol car, the trial court did not err in denying summary judgment to Savko in her claim for coverage under her UM policies with State Farm and Nationwide.

*Judgment reversed in Appeal No. A12A 0974 and affirmed in Appeal No. A12A0975. Adams, and McFadden, JJ., concur.*