**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**May 5, 2020**

# In the Court of Appeals of Georgia

A20A0140. GREEN v. BALDWIN COUNTY BOARD OF COMMISSIONERS et al.

MCFADDEN, Chief Judge.

In this personal injury action, Brenda A. Green seeks to hold Baldwin County liable for injuries she alleges she sustained in a vehicle collision caused by the negligence of an on-duty deputy sheriff. She named two defendants in the action: the Baldwin County Board of Commissioners (hereinafter, the county) and deputy sheriff Todd W. Blackwell in his official capacity. (She did not sue Blackwell in his individual capacity.) The trial court granted summary judgment to the defendants, and we find no error. As a matter of law a county cannot be held vicariously liable for the actions of a deputy sheriff, and to the extent the claim against Blackwell can be

construed as a claim against his employer, the Baldwin County sheriff, Green did not provide the sheriff with timely ante litem notice. So we affirm.

1. *Facts and procedural background.*

Viewed in the light most favorable to Green, as the party opposing summary judgment, see *McBee v. Aspire at West Midtown Apts.*, 302 Ga. 662, 663 (1) (807 SE2d 455) (2017), the evidence shows that on June 7, 2015, Green was in her vehicle, stopped at an intersection, when a vehicle driven by Blackwell rear-ended her. Green was injured in the collision. At the time of the collision, Blackwell was an on-duty Baldwin County sheriff's deputy.

Green filed her complaint on May 16, 2017. The record shows that she served the complaint on the two named defendants: the Baldwin County Board of Commissioners and Blackwell. The defendants moved for summary judgment on March 30, 2018. At that time, the Baldwin County sheriff had not received any ante litem notice or other notice of Green's claim. Green ultimately provided the sheriff with an ante litem notice on May 7, 2018.

2. *Claim against the county.*

As an initial matter, we note that the issue of whether a county board of commissioners is itself an entity capable of being sued was not raised below, but the

2

parties and the trial court analyzed the claim against the board as a claim against the county. We do the same.

As a matter of law, the county is not vicariously liable to Green for the actions of Blackwell, because "[i]t is well established that deputy sheriffs are employees of the sheriff, not the county, and the county cannot be held vicariously liable as their principal." *Cannon v. Oconee County*, 353 Ga. App. 296, 299 (1) (835 SE2d 753) (2019) (citation and punctuation omitted). Green cites several authorities for the proposition that a claim against a sheriff or deputy sheriff should be considered a claim against the county, but these authorities do not concern a county's vicarious liability for the actions of a sheriff or deputy sheriff. Instead, they concern whether the sovereign immunity available to counties bars claims against sheriffs, deputy sheriffs, and other individual tortfeasors in their official capacities. See, e.g., *Gilbert v. Richardson*, 264 Ga. 744, 746 (2) n. 4 (452 SE2d 476) (1994); *Marshall v. McIntosh County*, 327 Ga. App. 416, 419-420 (2) (759 SE2d 269) (2014); *Ankerich v. Savko*, 319 Ga. App. 250, 252-253 (1) (734 SE2d 805) (2012); *Strength v. Lovett*, 311 Ga. App. 35, 38 (1) (714 SE2d 723) (2011).

2. *Claim against Baldwin.*

To the extent Green's claim against Blackwell in his official capacity may be construed as a claim against his employer, the Baldwin County sheriff, the trial court did not err in granting summary judgment because Green did not provide the sheriff with ante litem notice of the claim within the one-year time period set forth in OCGA § 36-11-1. See *Moats v. Mendez*, 349 Ga. App. 811, 814-815 (2) (824 SE2d 808) (2019); *Davis v. Morrison*, 344 Ga. App. 527, 531-532 (2) (810 SE2d 649) (2018). Green criticizes our whole-court decision in *Moats* and tacitly invites us to overrule it. We decline to do so, noting that the *Moats* decision is presently before our Supreme Court on writ of certiorari. *Mendez v. Moats*, 2019 Ga. LEXIS 855 (2019).

Green argues that the period for providing ante litem notice should be tolled under OCGA § 9-3-99, which governs the running of the limitations period in certain tort claims brought by victims of alleged crimes. Our Supreme Court, however, recently held that OCGA § 9-3-99 does not provide for the tolling of periods for giving ante litem notice. See *Dept. of Public Safety v. Ragsdale*, __ Ga. __ (__ SE2d __) (Case No. S19G0422, decided Feb. 28, 2020). Although the *Ragsdale* decision addressed the ante litem notice requirements in Georgia's Tort Claims Act, see OCGA § 50-21-26 (a) (1), its rationale also applies here.

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*

4