**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**

https://www.gaappeals.us/rules

**October 31, 2024**

# In the Court of Appeals of Georgia

A22A0985. CITY OF ROSWELL v. HERNANDEZ-FLORES.

MILLER, Presiding Judge.

Clementina Hernandez-Flores was struck by a car driven by a suspect fleeing from City of Roswell ("the City") police officers, causing her to suffer major injuries. After she filed a negligence suit against the City, the City moved for summary judgment on sovereign immunity grounds. The trial court denied the motion after concluding that issues of fact remained as to whether the City waived sovereign immunity under OCGA § 33-24-51 (b) through its law enforcement officers' "use of a vehicle." The City appealed, and we reversed, concluding that Hernandez-Flores' claims did not arise from the City's use of a vehicle. *City of Roswell v. Hernandez-Flores*, 365 Ga. App. 849 (880 SE2d 340) (2022). On certiorari, the Supreme Court

of Georgia vacated our previous decision and remanded for us to consider the case in light of its recent decision in *McBrayer v. Scarbrough*, 317 Ga. 387 (893 SE2d 660) (2023), which overruled our prior opinion and many of the cases that we relied on in our prior opinion. See *Hernandez-Flores v. City of Roswell*, Case No. S23C0351 (Jan. 9, 2024). Considering the guidance from *McBrayer*, we again conclude that Hernandez-Flores' injuries did not arise out of the negligent use of a motor vehicle, and so we reverse the trial court's denial of summary judgment.

"On appeal from the denial or grant of summary judgment, the appellate court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citation omitted.) *Macon-Bibb County v. Kalaski*, 355 Ga. App. 24 (842 SE2d 331) (2020).

The relevant facts are set out in our previous opinion:

[I]n March 2015, City of Roswell law enforcement officers were engaged in a vehicle pursuit of a suspect fleeing after committing a home invasion. Officer Lorne Alston, who was employed by the City of Roswell Police Department, was driving his patrol car when he learned of the high-speed pursuit in progress. Alston realized that the pursuit was heading toward him, and he drove to a nearby intersection ahead of the chase, parked and exited his patrol car, and obtained Stop Sticks from the trunk. While standing behind his car, Alston deployed the Stop

Sticks on the road. The suspect swerved to avoid the Stop Sticks and lost control of his car, striking Hernandez-Flores, who was walking on the sidewalk. As a result, Hernandez-Flores sustained multiple permanent injuries to her head, neck, and leg, and she also suffered permanent memory loss.

Hernandez-Flores filed suit against the City, asserting a claim for negligence. The City moved for summary judgment on sovereign immunity grounds, and Hernandez-Flores subsequently amended her complaint to assert that Alston was negligent in his use of his patrol car and that sovereign immunity was thus waived in accordance with OCGA § 33-24-51. The trial court denied the City's motion for summary judgment, finding that issues of fact remained as to whether Alston's efforts to assist in the chase by using his patrol car to drive to the intersection, his use of the police car to monitor the chase on his radio, his use of the [S]top [S]ticks mounted in the police car's trunk and his deployment of the [S]top [S]ticks while standing behind the police car constituted use of the police car for purposes of waiving sovereign immunity. We granted the City's application for interlocutory review of this ruling.

(Punctuation omitted.) *Hernandez-Flores*, supra, 365 Ga. App. at 850-851.

Considering the facts of this case anew, we again address Hernandez-Flores' contentions that Officer Alston "used" his car for the purposes of OCGA § 33-24-51 (b) when he (1) monitored the high-speed chase while in the car; (2) stored the Stop Sticks in the trunk of the car; and (3) stood behind the car as he deployed the Stop

3

Sticks. In light of *McBrayer*, there is now little question that all of these alleged acts constituted the "use" of a vehicle as contemplated by OCGA § 33-24-51 (b). The more problematic question, however, is whether Hernandez-Flores' losses arose out of any allegedly negligent use of Officer Alston's police car, and, on this record, we cannot conclude that they do.

> Sovereign immunity is a threshold issue that the trial court is required to address before reaching the merits of any other argument. It is axiomatic that the party seeking to benefit from the waiver of sovereign immunity bears the burden of proving such waiver. Whether sovereign immunity has been waived under the undisputed facts of this case is a question of law, and this Court's review is de novo.

(Citation and punctuation omitted.) *Chatham Area Transit Auth. v. Brantley*, 353 Ga. App. 197, 199 (1) (834 SE2d 593) (2019). "Under Georgia law, municipal corporations are protected by sovereign immunity pursuant [to] ... Article IX, Section II, Paragraph IX [of the Georgia Constitution], unless that immunity is waived by the General Assembly." *City of Atlanta v. Mitcham*, 296 Ga. 576, 577 (1) (769 SE2d 320) (2015).

In pertinent part, OCGA § 33-24-51 (b) waives the sovereign immunity of local government entities for losses "arising out of claims for the negligent use of a covered motor vehicle[.]" In previous decisions, this Court interpreted this phrase to only waive sovereign immunity for claims where the covered vehicle was actively in use "as

4

a vehicle." See, e.g., *Gish v. Thomas*, 302 Ga. App. 854, 861 (2) (691 SE2d 900) (2010). In *McBrayer*, the Supreme Court of Georgia rejected this narrow reading of the phrase. The Supreme Court noted the definition of the word "use" as "being employed or put into action or service," and it noted that the statutory language did not limit the definition of "use" to include only uses of a motor vehicle for mere transportation. *McBrayer*, supra, 317 Ga. at 394-396 (2) (d). Considering the facts presented in *McBrayer*, the Supreme Court concluded that the police officers "used" a police car when they loaded a plaintiff into the car and restrained him there, even though the car was not in motion or operational at the time. Id. at 396-397 (2) (d). In doing so, the Supreme Court overruled this Court's prior precedent limiting the definition of "use," which included our prior opinion in this case as well as many cases that this Court relied on in our prior opinion in this case. Id. at 397 (2) (d) n.11.

Turning to the facts of this case, we first again conclude that Officer Alston's use of his patrol car to assist the pursuit, follow the pursuit on his radio, and drive to the intersection is too attenuated and remote from the harm to Hernandez-Flores to waive immunity. See *Campbell v. Goode*, 304 Ga. App. 47, 50-51 (2) (695 SE2d 44) (2010) (no waiver found under OCGA § 33-24-51 because any alleged negligence that happened during a police officer's pat-down search of a robbery suspect was unrelated

5

to the officer's prior use of his vehicle to arrive on the scene). Additionally, we note that the statute "requires a showing of the *negligent* use of a covered motor vehicle, in order to provide for a waiver of county sovereign immunity." (Citation and punctuation omitted; emphasis in original.) *Upshaw v. Columbus Consolidated Govt.*, 369 Ga. App. 524, 535 (3) (894 SE2d 75) (2023). "Negligent" is generally defined as "inattentive to what ought to be done; failing to take proper, necessary, or reasonable care, and characterized by or displaying carelessness." (Citation omitted.) Id. Hernandez-Flores does not argue that Officer Alston was in any way "careless" when he used his vehicle to follow the pursuit on his radio and drive to the scene of the incident.

Second, we again conclude that Officer Alston's storage of the Stop Sticks in his car's trunk also does not give rise to a waiver of sovereign immunity. In *Polk County v. Ellington*, 306 Ga. App. 193, 199 (1) (702 SE2d 17) (2010), we stated that

> we decline to hold that the use, failure to use, or misuse of emergency medical or safety equipment arises out of the maintenance or operation of a county vehicle merely because such equipment is stored or transported on, is removed from, or is left off of, such a vehicle. The operation or maintenance of any motor vehicle, as used in [OCGA § 33-24-51], has nothing to do with whether certain rescue equipment was present on a county vehicle.

(Citations and punctuation omitted.) Although in *Ellington* we erroneously stated that "for a waiver of sovereign immunity under OCGA § 33-24-51 to occur, the injury complained of must originate in or flow from the use of the motor vehicle *as a motor vehicle*," (Citation and punctuation omitted; emphasis in original) id., which is the statutory construction that was rejected in *McBrayer*, our analysis in *Ellington* primarily relied on the reasoning that a claim based off of an allegedly negligent use of safety equipment simply does not "arise" from the use of a vehicle to merely store that equipment. See id. We cannot say that Hernandez-Flores' injuries "arose out of" the mere fact that the Stop Sticks were stored in the car. See *Harry v. Glynn County*, 269 Ga. 503, 504 (1) (501 SE2d 196) (1998) (transportation of a patient by an ambulance did not waive sovereign immunity because this use of the vehicle did not play a part in causing the patient's injuries, which stemmed from a paramedic's misdiagnosis and not the ambulance transport itself). This case is thus distinguishable from the situation in *McBrayer*, where the officers' use of the vehicle to detain the plaintiff was a direct contributing factor to the plaintiff's death. *McBrayer*, supra, 317 Ga. at 396-397 (2) (d). Compare also *McElmurray v. Richmond County*, 274 Ga. App. 605, 613 (2) (b) (618 SE2d 59) (2005) (sovereign immunity was waived where government vehicles sprayed sewage sludge that directly caused the plaintiffs'

7

injuries). Finally, we again note that Hernandez-Flores does not argue that Alston was negligent when using his car to store the Stop Sticks. See *Upshaw*, supra, 369 Ga. App. at 535 (3).

The fact that Officer Alston was standing behind the parked car when he deployed the Stop Sticks, however, presents a very close question, but we ultimately conclude on these facts that this also is not an action that would waive sovereign immunity. The critical fact that we find most persuasive is that the record is clear that Officer Alston parked his car on the side of the road, not in the road, and so the car was not "used" as part of a blockade to stop the fleeing suspect or divert him onto the sidewalk where Hernandez-Flores was located. The record is also clear that the fleeing suspect swerved to avoid the Stop Sticks, not Alston's vehicle. Hernandez-Flores's reliance on our decision in *DeKalb County School Dist. v. Allen*, 254 Ga. App. 66 (561 SE2d 202) (2002), is therefore misplaced. In *Allen*, the plaintiff's daughter was killed when she was crossing the street after attempting to board a school bus. *Allen*, supra, 254 Ga. App. at 66-68. We concluded that the school bus was "in use" because it was operational, and we concluded that such use was related to the daughter's death because "[b]ut for the bus's presence, the child would not have exited her mother's car and the accident would not have happened." Id. at 70 (1). In this case, the

presence of Alston's vehicle at the scene did not play any such role in causing the actual accident that caused Hernandez-Flores' injuries. We emphasize that Hernandez-Flores' claims stem from Alston's allegedly negligent use of the Stop Sticks which led the fleeing suspect to change course and injure Hernandez-Flores, rather than any use of his vehicle. We are thus compelled to conclude that Hernandez-Flores' claims did not "arise" from this use of a covered vehicle.

Accordingly, because we are again compelled to conclude that Hernandez-Flores' claims do not arise from any alleged negligent use of Officer Alston's patrol car, we reverse the trial court's denial of summary judgment on sovereign immunity grounds.

*Judgment reversed. Rickman and Pipkin, JJ., concur.*